798 P.2d 407

**The STATE of Arizona, Appellee,**

v.

**Jesus Ernesto LEYVA, Appellant.**

**2 CA–CR 89–0572.**

Court of Appeals of Arizona, Division 2, Department A.

May 10, 1990.

Review Denied Oct. 9, 1990.

Robert K. Corbin, Atty. Gen. by Jessica Gifford Funkhouser and Joseph T. Maziarz, Phoenix, for appellee.

270

Robert Arentz, Cochise County Public Defender by Joseph P. DiRoberto, Bisbee, for appellant.

## OPINION

HATHAWAY, Judge.

Appellant was arrested in possession of 232.4 pounds of marijuana. He was indicted on one count each of possession of marijuana, possession of marijuana for sale and transportation of marijuana for sale. In each count the amount of marijuana was alleged to have been in excess of eight pounds. Pursuant to a plea agreement, appellant entered a guilty plea to possession for sale of marijuana in excess of eight pounds, a class 3 felony, in violation of A.R.S. § 13–3405(A)(2), in exchange for the dismissal of the remaining counts of the indictment. The agreement further provided:

1. That the defendant will receive a sentence no greater than 10 yrs./$150,000 fine plus 37% surcharge and no less than 3.75 yrs./$150,000 surcharge [sic] and consistent with the following:

State reserves the right to be heard as to sentence. Parties stipulate that the value of the marijuana in this matter at the time of seizure was at least $50,000.

At the change-of-plea hearing, the trial court carefully questioned appellant concerning his understanding of the agreement, the range of sentence and the fine to be imposed, and the rights appellant would be waiving by entering a guilty plea. Counsel for appellant provided the factual basis. The trial court accepted the plea, imposed a mitigated term of 3.75 years' imprisonment and ordered appellant to pay the mandatory fine plus a surcharge of $205,500.

On appeal, appellant contends that the imposition of the minimum mandatory fine pursuant to A.R.S. § 13–3405(D) violates both state and federal constitutional prohibitions against excessive fines. See U.S. Const. amend. VIII; Ariz. Const. art. 2, § 15. A.R.S. § 13–3405 sets forth specific penalties to be imposed upon persons convicted of offenses involving the possession, use, possession for sale, production and transportation of marijuana. Subsection (D) provides:

In addition to any other penalty prescribed by this title, the court shall order a person who is convicted of a violation of any provision of this section to pay a fine of not less than seven hundred fifty dollars or three times the value as determined by the court of the marijuana involved in or giving rise to the charge, whichever is greater, and not more than the maximum authorized by chapter 8 of this title. A judge shall not suspend any part or all of the imposition of any fine required by this subsection.

(Footnote omitted.)

Under A.R.S. § 13–801(A), the maximum penalty which may be imposed is $150,000, increased by 37 percent pursuant to A.R.S. § 41–2403(A).

Appellant argues that the application of A.R.S. § 13–3405(D) to him under the circumstances of this case is unconstitutional because the statute prohibits the judge from considering appellant's financial resources or any other factors relevant to sentencing.

We believe that presentation of this issue is premature. Although the quoted subsection requires the trial court to impose the full amount of the applicable fine without regard to the economic circumstances of the defendant, cf. State v. Marquez–Sosa, 161 Ariz. 500, 779 P.2d 815 (App.1989), it does not prevent the court from ordering payment in installments. See A.R.S. § 13–808(A). No such request has been made in this case.

Moreover, we do not believe that this subsection precludes the applicability of A.R.S. § 13–810, which pertains to enforcement of payment. Under that statute, if a defendant fails to pay a court-ordered fine, either the court or the prosecutor may institute contempt proceedings. Subsection (C) provides:

If the court finds that the default is not intentional, but that the defendant cannot pay despite sufficient good faith

efforts to obtain the monies, the court may take any lawful action including any of the following:

1. Modify the manner in which the restitution or fine is to be paid.

2. Enter any reasonable order which would assure compliance with the order to pay.

3. Authorize the state ... to take whatever measures for the collection of the fine ... or the unpaid balance of the fine ... as are authorized for the collection of an unpaid civil judgment entered against the defendant in an action on a debt....

Thus, notwithstanding the mandatory fine provisions, we believe the trial court retains discretion under A.R.S. §§ 13–808 and 13–810 to consider the economic circumstances of the defendant in determining the manner of payment. This issue must, however, be addressed to the trial court in the first instance.

■ As to the "other factors relevant to sentencing," appellant argues that the statute is unconstitutional because it precludes the trial court from considering such factors as his minimal involvement in the offense, the lack of a prior record, and his subsequent cooperation with law enforcement officials. This argument requires an analysis of the statute under *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), and specific consideration of 1) the gravity of the offense and the harshness of the penalty; 2) the sentences imposed on other criminals in the same jurisdiction; and 3) sentences imposed for commission of the same crime in other jurisdictions.

The penalties imposed by this statute reflect our legislature's recognition that drug abuse is "one of the most serious problems confronting our society today." *National Treasury Employees Union v. Von Raab*, 489 U.S. 656, 674, 109 S.Ct. 1384, 1395, 103 L.Ed.2d 685, 707 (1989). Appellant does not dispute this, but rather argues that a defendant's level of culpability must be taken into consideration. Contrary to his assertions, we believe that the legislature has done this by providing that the amount of the fine is determined by the amount of marijuana involved in the offense. The legislature is free to conclude that culpability is to be determined with reference to the amount of the drug involved rather than the nature of the defendant's involvement in the offense. *See United States v. Cook*, 859 F.2d 777 (9th Cir.1988).

As to the second prong of the inquiry, the same or similar penalty is mandatory for all persons convicted of possession, sale and transportation offenses related to marijuana, dangerous drugs and narcotic drugs. *See* A.R.S. §§ 13–3405, 13–3407, 13–3408.

Finally, we note that other jurisdictions have enacted similar penalties for this type of offense. *See, e.g.,* Ga.Code Ann. § 16–13–31 ($100,000 fine for 50–2,000 pounds of marijuana, $250,000 fine for 2,000–10,000 pounds); La.Rev.Stat.Ann. § 40:966 ($25,000–$50,000 fine for 60–2,000 pounds; $50,000–$200,000 for 2,000 to 10,000 pounds); Minn.Stat.Ann. § 152.022 (up to $500,000 fine for 50 kilos or more of marijuana). While these statutes may afford the trial judge greater flexibility in determining the amount of the fine, we find no constitutional infirmity in the legislature's decision to tie the amount of the fine exclusively to the amount of marijuana involved in the offense.

In sum, we hold that the mandatory fine provisions of A.R.S. § 13–3405 do not violate the state and federal prohibitions against excessive fines. The issue of appellant's ability to pay is not properly before us and may be raised at a later date.

The judgment of conviction and sentence are affirmed.

ROLL, P.J., and HOWARD, J., concur.