831 P.2d 877

**STATE of Arizona, Appellee,**

v.

**Lisa Gratia SMITH, Appellant.**

**No. 1 CA–CR 90–260.**

Court of Appeals of Arizona, Division 1, Department B.

May 21, 1992.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Crim. Div., and Diana P. Stabler, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Edward F. McGee, Deputy Public Defender, Phoenix, for appellant.

## OPINION

JACOBSON, Presiding Judge.

This appeal requires us to address whether we have subject matter jurisdiction to review a conviction for fundamental error when a defendant files a notice of appeal only from the sentence imposed and defense counsel files an opening brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We conclude that we have jurisdiction to examine the entire record for fundamental error upon a timely appeal pursuant to A.R.S. § 13–4033. However, as a matter of judicial policy, we will limit the scope of that review to the sentencing order denominated in the notice of appeal if a defendant waives further review by indicating that review of her conviction may be prejudicial.

### Factual and Procedural Background

By indictment dated July 24, 1989, appellant Lisa Gratia Smith (defendant) was charged with Count I, first degree murder, and Count II, conspiracy to commit first degree murder, both class 1 felonies. The state filed an allegation of the dangerous nature of the felony pursuant to A.R.S. § 13–604.

On October 20, 1989, defendant entered into a written plea agreement with the state, in which she agreed to plead guilty to second degree murder, a nondangerous class 1 felony. In exchange, the state agreed to dismissal of Count II and the allegation of dangerousness. The parties further stipulated that "[t]he term of years to be imposed is from 10 to 20 calendar years up to the court," that defendant would be credited with time already served, would be subject to a fine of up to $150,-000.00 plus a 37% surcharge, and would have to pay a $100.00 felony assessment, as well as an $8.00 time payment fee. The agreement also provided that restitution of economic loss to the victim would be required, but no amount was stated.

At the change of plea hearing, the court heard an account of the state's case against defendant, and found a factual basis for the plea. The court addressed defendant personally, and made sure she understood the constitutional rights she was waiving, pursuant to Rule 17, Arizona Rules of Criminal Procedure, and *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The trial court did not, however, advise defendant at the change of plea hearing that, as a consequence of her guilty plea, she would be required to pay restitution to the victims or the amount of that restitution. *See generally State v. Phillips,* 152 Ariz. 533, 733 P.2d 1116 (1987).

Prior to sentencing, the court held an extended mitigation hearing, including testimony from defendant's experts regarding the effect of "battered wife syndrome" on her participation in her husband's murder. A presentence report was prepared, which indicated that defendant would owe restitution of $1,470.70 to the victim's parents for funeral expenses and $5,349.91 to the insurer for the cost of damages to the room in which the victim was murdered.[1]

---

1. In our search for fundamental error, we have     considered whether the trial court's restitution

At sentencing, the trial court accepted defendant's plea and sentenced her to an aggravated term of eighteen years imprisonment, with credit for 195 days of presentence incarceration, and ordered that she pay a $100.00 felony assessment and an $8.00 time payment fee. The following discussion took place regarding restitution:

> THE COURT: ... I will also order that you pay restitution.
>
> Counsel, is there any question about the figures for restitution in the presentence report?
>
> [DEFENSE COUNSEL]: None that I am aware of.
>
> [PROSECUTOR]: No, Your Honor.
>
> THE COURT: I will order that you pay $1,470.70 [2] to [the parents of the victim] and also $5,349.91 to [the insurer].

The court also dismissed Count II of the indictment.

Defendant timely filed a notice of appeal, which stated that it was from *"the sentence* entered in this court on January 25, 1990, at which time Defendant plead[ed] guilty to Count I, Second Degree Murder, and was sentenced to the Department of Corrections for 18 years." (Emphasis added.) Counsel for defendant filed an *Anders* brief raising no issues but requesting the court to search the record for reversible error. Defendant was afforded an opportunity to file a supplemental brief *in propria persona*, but did not do so.

After an initial review of the record, another panel of this court, on its own motion, noted "that neither the plea agreement nor the change of plea hearing appears to have informed defendant of the amount of restitution which could be ordered," and directed the parties to file briefs on the merits of the issue whether the matter of the voluntariness of the plea should be remanded to the trial court in accordance with *State v. Crowder*, 155 Ariz. 477, 747 P.2d 1176 (1987).

The parties subsequently responded to that order; this opinion addresses the issues raised in those responding briefs.

### Discussion

1. Subject Matter Jurisdiction

■ In its response, the state contends that this court does not have subject matter jurisdiction to consider the voluntariness of defendant's plea agreement because she filed a notice of appeal only from her sentence. We disagree.

Jurisdiction to entertain a criminal appeal is vested in this court by the timely filing of a notice of appeal pursuant to a jurisdictional statute. *See State v. Berry*, 133 Ariz. 264, 266, 650 P.2d 1246, 1248 (App. 1982); *State v. Good*, 9 Ariz.App. 388, 452 P.2d 715 (1969). In the case of a criminal defendant, the jurisdictional statute provides:

> An appeal may be taken by the defendant only from:
>
> 1. A final judgment of conviction.
>
> 2. An order denying a motion for a new trial or denying a motion for an arrest of judgment, or from an order made after judgment affecting the substantial rights of the party.

---

award to the insurer for the costs of damages to the room was proper. *See State v. French*, 166 Ariz. 247, 801 P.2d 482 (App.1990). In *French*, defendant assaulted a victim in a motel room and the motel owner claimed restitution for "cleaning expenses, the costs of replacing the bedding, and lost rental income." *Id.* at 248, 801 P.2d at 483. This court held that A.R.S. § 13–603 required restitution only to the "victim" of the crime, which did not include the motel owner because he was not the victim of the specific assault conduct of which defendant was convicted. *Id.* at 249, 801 P.2d at 484. In this case, however, the loss for the destruction of the room in which the victim was killed was borne by defendant's parents, with whom he lived, and who were undeniably "victims" of their son's murder. *See* Rule 39, Arizona Rules of Criminal Procedure ("victim" is defined to include the parent of someone killed by the alleged criminal defendant). Additionally, an insurer that reimburses a direct victim for losses incurred as a result of the crime is entitled to restitution. *State v. Merrill*, 136 Ariz. 300, 665 P.2d 1022 (App.1983). Based on this analysis, we find no error in the restitution order imposed.

**2.** This amount was initially misrecorded in the transcript by the court reporter as $100,470.70, but after stipulations and affidavits were filed in this court, the amount was corrected by order of this court on January 18, 1991.

3. A sentence on the ground that it is illegal or excessive.

A.R.S. § 13–4033. Defendant's notice of appeal states on its face that it is from her "sentence;" we presume she contends that it is excessive, because she makes no argument that it is illegal as beyond the statutory range or contrary to the terms of the plea agreement. Because defendant's appeal was timely filed and raised grounds enumerated in A.R.S. § 13–4033(3), this court has initial jurisdiction to entertain that appeal. *See State v. Dawson,* 164 Ariz. 278, 280, 792 P.2d 741, 743 (1990) (appellate jurisdiction is based on existence of statute conferring right to appeal, timely filing of notice of appeal, and grounds specified in jurisdictional statute).

The state challenges our jurisdiction to review the underlying conviction on the basis of the supreme court's holding in *Dawson* that, in the absence of a cross-appeal from the state, an appellate court will not consider error urged by the state in response to the defendant's own appeal. *Id.* at 282, 792 P.2d at 745. The jurisdictional defect in *Dawson,* however, was due to the state's failure to file a timely notice of appeal or cross-appeal under the appropriate jurisdictional statute, when it raised a ground detrimental to defendant that could have been raised under that statute. We do not have such a defect in this case because defendant's notice of appeal vested jurisdiction in this court to consider any error in her sentence, and the state has not suggested any error detrimental to defendant in its answering brief.

We believe the state has placed an undue emphasis on the wording of the notice of appeal in this case. Rule 31.2(d), Arizona Rules of Criminal Procedure, requires only that the notice of appeal "shall identify the order, judgment and sentence appealed from, . . . and shall be signed by the appellant or his attorney." The comment to the rule indicates that its purpose is "to provide a simple means for taking appeals and to insure that all persons directly affected by the taking of an appeal are promptly notified." Comment, Rule 31.2, Arizona Rules of Criminal Procedure. The comment also indicates the rule is drawn from

Rule 3, Federal Rules of Appellate Procedure. *Id.*

Cases interpreting the federal counterpart of our rule have concluded that the notice of appeal serves as a notice pleading rather than a jurisdictional limitation on the grounds the court may consider on appeal. *See, e.g., Matarese v. LeFevre,* 801 F.2d 98, 105 (2d Cir.1986) (failure to specify an order in notice of appeal is not a jurisdictional defect precluding review of that order); *Cobb v. Lewis,* 488 F.2d 41, 45 (5th Cir.1974) (notice of appeal requirements are satisfied by any statement that "clearly evinces the party's intent to appeal"). Likewise, this court has interpreted the predecessor to Rule 31.2 to consider technical errors in a notice of appeal to be nonjurisdictional defects that will not render it ineffective absent a showing of prejudice to appellee. *State v. Good,* 9 Ariz.App. 388, 392, 452 P.2d 715, 720 (1969) (interpreting former Rule 350, Rules of Criminal Procedure for the Superior Courts of Arizona (West 1956)). A similar result has been reached by other state courts. *See, e.g., People v. Gibson,* 56 Cal.App.3d 119, 128 Cal.Rptr. 302 (1976) (appeal from a sentence may be treated as an appeal from a judgment of conviction under former Cal. Penal Code § 1237).

We thus find no bar to our subject matter jurisdiction to review defendant's conviction for fundamental error in this case under any of the case law, statutes, or rule provisions cited above.

## 2. Scope of Review

In our opinion, the state's challenge to this court's consideration of the validity of defendant's conviction in an appeal from her sentence relates more to our scope of review than to our jurisdiction. In a criminal defendant's appeal from either a conviction or sentence, we are statutorily authorized to search the record for fundamental error. A.R.S. § 13–4035. As the supreme court noted in *Dawson,* "Our scope of review has been statutorily broadened to include the entire record when a defendant appeals from a judgment, regardless of the

grounds urged in that appeal." 164 Ariz. at 283, 792 P.2d at 746. Furthermore, the statute that provides us with the power to correct or modify an excessive sentence provides that an appellate court may do so, "*if, in its opinion, the conviction is proper,* but the punishment imposed is greater than under the circumstances of the case ought to be inflicted." A.R.S. § 13–4037(B) (emphasis added). Our scope of review in an appeal from a sentence on the grounds that it is excessive thus necessarily includes a review of the validity of the conviction.

■ The only exception to this broad statutory scope of review is that noted in *Dawson:* policy considerations preclude our searching the entire record for error that would be detrimental to a defendant. 164 Ariz. at 285, 792 P.2d at 748. Thus, an appellate court, within the scope of its own review for fundamental error, will not correct an error "that inures to the detriment of a criminal defendant," unless the state has vested jurisdiction in this court to do so by filing its own appeal or cross-appeal pursuant to A.R.S. § 13–4032. *Id.* at 286, 792 P.2d at 749.

■ In this case, another panel of this court raised the issue of the voluntariness of defendant's plea as potential fundamental error, although defendant's opening brief did not do so. However, both the state's response and defendant's reply to our briefing order indicated that, even if error indeed occurred in this case, such error might inure to defendant's benefit, in the sense that it preserved a beneficial plea agreement. For example, the state points out the following potential circumstances:

[Defendant] made a very beneficial plea agreement. Perhaps that is one reason she chose not to appeal from the judgment. This court should not presume [defendant] wants to risk having her plea agreement set aside. It should not presume [defendant] and her counsel have a good faith belief that the facts would support a voluntariness challenge. It should not require the trial court to conduct a proceeding for which there may be no subjective need, and no objective

legal basis. In short, a remand would be contrary to the interest of judicial economy, and may be contrary to [defendant's] own interest.

In reply, defendant appears to agree:

Nothing in [A.R.S. § 13–4033(3) ] ... empowers this Court to search for error which could jeopardize an otherwise favorable plea bargain.

. . . .

Given the fact that [defendant] was facing a potential capital sentence on her original charges, it may be that an obligation to pay $1,470.70 restitution had little effect on her decision to plead guilty to Second Degree Murder.

Additionally, defendant conceded in her reply brief that, if a voluntariness challenge were supported by this record, it would be better raised by a petition for post-conviction relief rather than on direct appeal, because no prejudice is shown on this record. Furthermore, she admitted that she may have waived the issue at the sentencing hearing by failing to object to restitution when she had the opportunity to do so.

Under these circumstances, where defendant has conceded that she may well be prejudiced by her own appeal if our review exceeds the scope of the order she designated in her notice of appeal, we will, as a matter of judicial policy, limit our review to that order. Based on the reasoning of *Dawson,* we believe that policy considerations militate against our seeking "error detrimental to the defendant in [her] own appeal." 164 Ariz. at 285, 792 P.2d at 748. We therefore do not address the merits of the voluntariness of her plea pursuant to *State v. Crowder* in the context of this appeal.

## 3. Sentencing

■ We have thoroughly reviewed the evidence in mitigation and aggravation in this case, and find no fundamental error in the trial court's sentencing defendant to an aggravated term of imprisonment for eighteen years for her participation in the second degree murder to which she pled guilty. The sentence is within the statu-

tory range for this crime, *see* A.R.S. §§ 13–1104(B), 13–710 (presumptive term of fifteen years may be increased or decreased by five years for mitigating and aggravating factors pursuant to A.R.S. § 13–702). The sentence also meets the terms of the plea agreement, that defendant receive a term between ten and twenty calendar years.

Prior to imposing the sentence, the trial court listed the mitigating and aggravating factors it found on the record, and its reasons for deviating from the presumptive sentence, as required by A.R.S. § 13–702(C). In mitigation, the court found defendant's age, lack of prior record, and fact that she "was abused to some extent." In aggravation, the court found the viciousness of the crime, as the victim was brutally attacked while asleep in bed; the fact that it was a planned murder, carried out in a methodical and heinous manner; that defendant was the motivator of the crime, which was carried out with an accomplice; that a dangerous instrument was used; and the resulting harm to the victim's family. In balancing these factors, the trial court concluded:

> If it were not for the plea agreement in this case, you would be standing right where you are this morning facing a choice between the death sentence and a life sentence. Now, I do not believe that you were abused to the extent that you would want me to believe, and when I weigh the aggravation and the mitigation, the aggravation in my mind is much heavier than the mitigation.

We will not disturb a trial court's sentencing discretion as long as we find reasonable evidence in the record to substantiate the aggravating factors found by the trial court. *State v. Meador,* 132 Ariz. 343, 645 P.2d 1257 (App.1982). Our review of this record leads us to the conclusion that the aggravating factors articulated by the trial court were supported by the evidence. Under these circumstances, we will not find a sentence within the statutory range and within the terms of the plea agreement to be excessive.

Having found no fundamental error in this sentence, we affirm the judgment.

KLEINSCHMIDT and GARBARINO, JJ., concur.