850 P.2d 141

**STATE of Arizona, Appellee,**

v.

**Martin DELGADILLO, Appellant.**

**No. 1 CA–CR 92–0840.**

Court of Appeals of Arizona,
Division 1, Department D.

March 30, 1993.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section, and R. Wayne Ford, Asst. Atty. Gen., Phoenix, for appellee.

Law Offices of Wendy F. White by Wendy F. White and Sandra L. Jenney, Flagstaff, for appellant.

## OPINION

FIDEL, Chief Judge.

We hold in this opinion that it does not violate state and federal constitutional prohibitions against excessive fines to require each of several persons convicted of possessing the same illegal drugs to pay treble the full value of the drugs pursuant to Ariz.Rev.Stat.Ann. ("A.R.S.") section 13–3405(D) (Supp.1992).

Martin Delgadillo (defendant), Ilda Torres, and Reyna Ortega were each indicted on one count of possession for sale and one count of transportation for sale of more than eight pounds of marijuana. Defendant pled guilty to amended charges of

possession of more than eight pounds of marijuana not for sale and possession of drug paraphernalia.

As stipulated in defendant's plea bargain, the court sentenced defendant to 1.875 years in prison on the paraphernalia charge and four years' supervised probation on the marijuana charge. In compliance with A.R.S. section 13–3405(D), the court also fined defendant $68,088—three times the value of the 56.74 pounds of marijuana seized—payable in $60 monthly installments.

Defendant argues that the fine constitutes punishment disproportionate to the crime and violates the Eighth Amendment to the United States Constitution and article 2, section 15, of the Arizona Constitution. Defendant argues that the court should have split the fine equally among the three codefendants and assessed defendant only $22,667, a one-third share.

Defendant's arguments have no merit. Section 13–3405(D) provides:

> [T]he court shall order a person who is convicted of a violation of any provision of this section to pay a fine of not less than seven hundred fifty dollars or three times the value as determined by the court of the marijuana involved in or giving rise to the charge, whichever is greater, and not more than the maximum authorized by chapter 8 of this title.

The maximum fine that chapter 8 permits is $150,000. A.R.S. § 13–801 (1989).

■ The Eighth Amendment to the United States Constitution and article 2, section 15, of the Arizona Constitution identically provide, "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted." This Court has held that mandatory drug fines based on quantity and value of the drug do not *per se* violate state and federal prohibitions against excessive fines or cruel and unusual punishment. *See State v. Leyva*, 165 Ariz. 269, 270, 798 P.2d 407, 408 (App.1990) (Division 2 addressing A.R.S. § 13–3405(D) for marijuana convictions);

*State v. Wise*, 164 Ariz. 574, 576–77, 795 P.2d 217, 219–20 (App.1990) (Division 1 addressing A.R.S. § 13–3408(E) for cocaine convictions). In *Wise*, we recognized that fines that treble the value of the drugs involved may be sizable, but we characterized such fines as "a rational attempt to take the profit out of this activity." *Wise*, 164 Ariz. at 577, 795 P.2d at 220.

Defendant casts the argument in this case by emphasizing his codefendants' joint possessory interest in the drugs. He does not argue that the dollar amount of his fine is excessive in itself, but rather that he is disproportionately punished by a fine based on *the entirety* of a quantity of drugs that he jointly possessed with others.

■ Defendant's argument fails because the fine A.R.S. section 13–3405(D) requires is not restitution, subject to reduction by codefendants' contributions, but punishment for the indivisible culpability of defendant himself. The participation of codefendants does not lessen defendant's culpability. As the State commented in its brief, defendant can no better ask that his fine be apportioned among codefendants than that his prison sentence or probation term be apportioned among codefendants.

■ Our decision is supported by the authorities previously discussed. In *Leyva*, we upheld the statutory assignment of culpability proportionate to the amount of drug involved, against a complaint that the statute does not allow the individual to argue his minimal involvement in the offense. *Leyva*, 165 Ariz. at 271, 798 P.2d at 409. And in *Wise*, although we did not specifically address the issue of disproportionate punishment, we held it constitutional to assess a mandatory fine against each of two codefendants based on the full amount of cocaine seized. *Wise*, 164 Ariz. at 575–77, 795 P.2d at 218–20. In this case, we build on these authorities and hold explicitly that to assess a mandatory fine against each of two or more codefendants based on the full amount of illegal drugs seized is not unconstitutionally excessive,

**430**

unconstitutionally disproportionate, or cruel or unusual.

The Court, pursuant to A.R.S. section 13–4035 (1989), has reviewed the record for fundamental error and found none.[1] The

conviction and sentence of defendant are affirmed.

TOCI, P.J., and CLABORNE, J., concur.

---

1. Defendant has asked us not to address the failure of the trial court to personally advise defendant at his change of plea of the nature and range of possible sentences, as defendant does not wish to vacate the plea agreement. We comply with defendant's request in accordance with *State v. Smith*, 171 Ariz. 501, 505, 831 P.2d 877, 881 (App.1992).