927 P.2d 804

**STATE of Arizona, Appellee,**

v.

**Enrique TORRES–SOTO, Appellant.**

**No. 1 CA–CR 95–0323.**

Court of Appeals of Arizona,
Division 1, Department A.

May 21, 1996.

Review Denied Nov. 19, 1996.

Grant Woods, Arizona Attorney General by Paul J. McMurdie, Chief Counsel, and John Pressley Todd, Assistant Attorney General, Criminal Appeals Section, Phoenix, for Appellee.

Richard D. Engler, Yuma, for Appellant.

OPINION

NOYES, Presiding Judge.

Enrique Torres–Soto ("Appellant"), an indigent, was sentenced following conviction of a drug offense, and he appealed. His counsel filed a brief in accordance with *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *State v. Leon,* 104 Ariz. 297, 451 P.2d 878 (1969), stating that he had searched the record and found no arguable question of law. We ordered supplemental briefing on the legality of Appellant's fine, fees and surcharges. We affirm the conviction and the sentence, as modified by vacating the orders assessing Appellant $85,500 in surcharges and $375 in attorneys' fees. We have jurisdiction of the appeal pursuant to the Arizona Constitution article 6, section 9, and Arizona Revised Statutes Annotated ("A.R.S.") sections 12–120.21(A)(1) (1992), 13–4031 (1989), and 13–4033(A) (Supp.1995).

Appellant was charged with importation of marijuana in excess of two pounds, a class 2 felony. A.R.S. § 13–3405(A)(4), (B)(11) (Supp.1995). Appellant had been arrested at the San Luis port of entry after attempting

to enter the United States driving a vehicle loaded with sixty-six pounds of marijuana. A Customs dog alerted to the vehicle while it was in line. An officer testified that he could smell marijuana as he neared the vehicle. Through the windshield, the officer could see packets of marijuana under the dashboard frost vents; he searched the vehicle and found more marijuana under the back seat. In the officer's opinion, the marijuana had a value of $66,000. Appellant testified and denied knowledge of the marijuana. The jury found him guilty.

■ At sentencing, the trial court imposed a mitigated term of four years in prison, and a fine, fees and surcharges totalling $235,887. On appeal, we view the evidence in the light most favorable to supporting the verdict, and we resolve any conflicts in the evidence in favor of sustaining the verdict. *State v. Guerra*, 161 Ariz. 289, 293, 778 P.2d 1185, 1189 (1989). The case is a classic port-of-entry smuggling case. The evidence supports the jury's conclusion that Appellant knew what was in the vehicle.

When it was his turn to speak at sentencing, Appellant added a measure of eloquence to the proceedings by stating to the court: "I just have my wife and she is ill. My wife just has me and she is ill. And fulfill your duty, but be just." The trial court then explained the justice of a mitigated prison sentence, but made no effort to explain the justice of adding $85,500 in surcharges and $375 in attorneys' fees to a mandatory fine of $150,000.

Because neither Appellant's trial counsel nor his appellate counsel objected to any part of the $235,887 assessment, we ordered supplemental briefing on whether the fine was constitutional, and on whether the trial court committed fundamental error by imposing the surcharges. We now summarily affirm the $150,000 fine because it was mandatory pursuant to A.R.S. section 13–3405(D), and that statute is constitutional. *See State v. Leyva*, 165 Ariz. 269, 271, 798 P.2d 407, 409 (App.1990).

■ However, a trial court has some discretion when deciding whether to add surcharges and attorneys' fees to a mandatory fine. Rule 6.7(d), Arizona Rules of Criminal Procedure, provides that the court shall order a defendant with court-appointed counsel to pay attorneys' fees in "such amount as it finds he or she is able to pay without incurring substantial hardship to himself or herself or to his or her family." The trial court made no Rule 6.7(d) "hardship" findings, and imposition of attorneys' fees without those findings has been held to be fundamental error. *State v. Lopez*, 175 Ariz. 79, 82, 853 P.2d 1126, 1129 (App.1993). Even so, were it not for the fundamental error in imposing $85,500 in surcharges, we would not vacate this unobjected-to imposition of attorneys' fees. *See Trantor v. Fredrikson*, 179 Ariz. 299, 300, 878 P.2d 657, 658 (1994) ("[A]bsent extraordinary circumstances, errors [relating to imposition of attorneys' fees] not raised in the trial court cannot be raised on appeal.").

■ The trial court imposed $85,500 in surcharges as directed by two penal statutes: A.R.S. section 12–116.01(A), which provides that "a penalty assessment shall be levied in an amount of forty-six per cent on every fine," and A.R.S. section 12–116.02(A), which uses similar language to create an eleven percent penalty assessment. These surcharges are made discretionary to a limited extent by statutes which provide that the trial court may waive all or part of a penalty assessment, "the payment of which would work a hardship on the persons convicted or adjudicated or on their immediate families." A.R.S. §§ 12–116.01(D)—.02(D).

The record strongly suggests that no one in the trial court understood that the surcharges and attorneys' fees were waivable for hardship reasons. Appellant's trial counsel was vigilant in other respects, but neither requested waiver nor objected to any of the assessments. The trial court explained its exercise of discretion regarding the prison term imposed, but gave no reason for imposing all assessments recommended by the presentence report. The presentence report advised that the seizure was sixty-six pounds of marijuana and "[t]he mandatory fine will be calculated accordingly." The report then summarily recommended that "defendant be fined $235,500.00 ($150,000.00 plus a fifty-seven percent surcharge), $375.00 attorney

assessment fee and a $12.00 time payment fee unless all financial assessments are paid at the time of sentencing."

The presentence report advised that Appellant was twenty-eight years old and a citizen of Mexico; he was an unemployed farmworker; he had dropped out of sixth grade because of family financial problems; his current income was unemployment benefits; he had no expenses other than food and clothing; he had no prior criminal history; he had a wife and two small children; his wife sold tamales to help with expenses, but she was ill. The State does not dispute these facts. It is also undisputed that Appellant had no significant assets, and that he was a delivery boy, a "mule," regarding the marijuana in his vehicle. Under these undisputed facts we find a clear abuse of discretion in the trial court's decision to assess this pauper $85,500 in surcharges and $375 in attorneys' fees, in addition to a mandatory fine of $150,-000.

■ We conclude that the $85,875 in surcharges and attorneys' fees amounted to fundamental error because the issue presented is "so important that overriding considerations concerning the integrity of the system [of justice] will excuse a party's failure to raise the issue in the trial court." *State v. Gendron*, 168 Ariz. 153, 155, 812 P.2d 626, 628 (1991). An indigent was assessed surcharges and attorneys' fees of $85,875 in addition to a mandatory fine of $150,000; and none of the participants in the process appeared to know that the surcharges and attorneys' fees were waivable for hardship reasons. On those facts, we find an *apparent* system defect warranting *sua sponte* intervention—in this case—to assure that participants in future cases know that surcharges and attorneys' fees are waivable for hardship reasons. Ordinarily, counsel must request waiver in the trial court to preserve this issue for appeal.

Trial courts have the discretion, and therefore the responsibility, to consider the hardship issue when deciding whether to enhance mandatory fines with surcharges and attorneys' fees. We have considered remanding this case for trial court determination of the hardship issue, but in light of Appellant's undisputed indigency and his $150,000 mandatory fine, we conclude that there is no reason for a remand.

The conviction and sentence are affirmed, as modified by vacating the $85,500 in surcharges and the $375 in attorneys' fees.

CONTRERAS and GERBER, JJ., concur.