942 P.2d 480

**STATE of Arizona, Appellee,**

v.

**Ernest Ochoa BELTRAN, Appellant.**

No. 1 CA–CR 96–0745.

Court of Appeals of Arizona, Division 1, Department A.

July 24, 1997.

Grant Woods, Attorney General by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section and Dawn M. Northup, Assistant Attorney General, Phoenix, for Appellee.

H. Allen Gerhardt, Coconino County Public Defender, Flagstaff, for Appellant.

OPINION

WEISBERG, Judge.

Ernest Ochoa Beltran ("defendant") appeals his sentences for transportation of marijuana for sale and possession of marijuana for sale. For the following reasons, we affirm the sentences as modified by vacating the trial court's order imposing a $64,900 surcharge in addition to the fine of $110,000.

## FACTUAL AND PROCEDURAL BACKGROUND

During a traffic stop, police found marijuana in defendant's vehicle. Defendant was arrested and charged with transportation of marijuana for sale and possession of marijuana for sale. Following a trial, defendant was found guilty of both charges. The trial court sentenced him to concurrent terms of five years for each offense. The trial court also imposed a fine of $110,000 and, pursuant to Ariz.Rev.Stat. Ann. ("A.R.S.") sections 12–116.01(A) and –116.02(A), a 59% surcharge of $64,900. The trial court then found defendant to be indigent, which the state does not dispute.

## DISCUSSION

On appeal, defendant argues only that, because of his indigency, the trial court erred by imposing the $64,900 surcharge. The state responds that defendant has waived this issue by failing to request a hardship waiver below.

The trial court imposed the 59% surcharge pursuant to A.R.S. sections 12–116.01(A), which provides for a 46% penalty assessment,[1] and –116.02(A), which provides for an additional 13%. Subsection (D) of each section, however, permits the trial court to waive all or part of these surcharges if payment "would work a hardship on the [defendant] or on their immediate famil[y]."

■ Both parties rely upon *State v. Torres–Soto*, 187 Ariz. 144, 927 P.2d 804 (App. 1996). In *Torres–Soto*, this court vacated the imposition of an $85,500 surcharge upon an indigent defendant. Although the defendant in *Torres–Soto* did not request a hardship waiver below, we concluded that the error was fundamental. Noted in our decision was the fact that "[t]he record strongly suggest[ed] that no one in the trial court understood that the surcharges ... were waivable for hardship reasons." *Id.* at 145, 927 P.2d at 805. We held that "[t]rial courts have the discretion, and therefore the responsibility, to consider the hardship issue when deciding

whether to enhance mandatory fines with surcharges." *Id.* at 146, 927 P.2d at 806. We rejected the possibility of a remand for consideration of the defendant's hardship because, "in light of [the defendant's] undisputed indigency and his $150,000 mandatory fine, we conclude[d] that there [was] no reason for a remand." *Id.*

The instant case is virtually identical to *Torres–Soto*. As in *Torres–Soto*, there is nothing in the record to suggest that anyone at the sentencing hearing was aware that the surcharge could be waived for hardship reasons. The presentence report recommended, and the trial court summarily imposed, the surcharge without noting its discretionary nature, and neither defense counsel nor the prosecutor brought the waiver provisions to the court's attention.

Also, like the defendant in *Torres–Soto*, defendant in this case is undisputably indigent. According to the presentence report, defendant is a migrant worker whose jobs last only two to four months. His last job paid $1680 per month. However, the presentence report also reflected that his current household assets and monthly income were both zero. As in *Torres–Soto*, we conclude that the imposition of a $64,900 surcharge on top of a $110,000 fine constitutes "a clear abuse of discretion." *Id.*

■ The state does not dispute this, but argues only that the error was not preserved for appeal due to defendant's failure to request a hardship waiver below. Issues raised for the first time on appeal are waived *absent fundamental error. State v. Gendron*, 168 Ariz. 153, 155, 812 P.2d 626, 628 (1991) (emphasis added). Although we held in *Torres–Soto* that this error was fundamental, the state relies upon language from that opinion suggesting that such may not be true for subsequent cases:

> An indigent was assessed surcharges and attorneys' fees of $85,875 in addition to a mandatory fine of $150,000; and none of the participants in the process appeared to know that the surcharges and attorneys'

---

1. Effective September 1, 1996, A.R.S. section 12–116.01(A) provides a 47% penalty assessment. *See* 1996 Ariz. Sess. Laws, ch. 350 § 1. This amendment, however, does not apply to the instant case.

fees were waivable for hardship reasons. On those facts, we find an apparent system defect warranting *sua sponte* intervention—in this case—to assure that participants in future cases know that surcharges and attorneys' fees are waivable for hardship reasons. Ordinarily, counsel must request waiver in the trial court to preserve this issue for appeal.

187 Ariz. at 146, 927 P.2d at 806. The state argues that, because *Torres–Soto* was filed in May 1996 and the sentencing hearing here was not conducted until September 1996, defendant was on notice that he was *required* to request a hardship waiver in order to preserve the issue for appeal.

The State misconstrues *Torres–Soto*. *Torres–Soto* instructs counsel that it is imperative to address whether surcharges should be waived in the sentencing of their clients, but does not denigrate well-established caselaw concerning the non-waiver of fundamental error. Here, defendant apparently did not know that the court could waive the imposition of the surcharges and therefore did not waive his right to request the hardship waiver.

Accordingly, we vacate the trial court's imposition of the $64,900 surcharge. Furthermore, we conclude that a remand for determination of the hardship issue is unnecessary because of defendant's undisputed indigency. *See Torres–Soto*, 187 Ariz. at 146, 927 P.2d at 806. In all other respects, we affirm.

EHRLICH, P.J., and GRANT, J., concur.