NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

CHRISTINE BIDA BEUCLER, *Appellant.*

No. 1 CA-CR 13-0492
FILED 07-22-2014

---

Appeal from the Superior Court in Maricopa County
No.   CR2011-008100-001
The Honorable Pamela Hern Svoboda, Judge

**AFFIRMED AS CORRECTED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Spencer D. Heffel
*Counsel for Appellant*

_____

## MEMORANDUM DECISION

Judge Patricia A. Orozco delivered the decision of the Court, in which Presiding Judge John C. Gemmill and Judge Peter B. Swann joined.

_____

**O R O Z C O**, Judge:

**¶1**        Christine Beucler (Defendant), appeals her convictions and sentences for three counts of trafficking in stolen property in the second degree.  Defendant's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), advising this court that after a diligent search of the record, he was unable to find any arguable question of law that is not frivolous.  This court granted Defendant an opportunity to file a supplemental brief in propria persona, but she has not done so.  *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30, 2 P.2d 89, 96 (App. 1999).

**¶2**        Our obligation in this appeal is to review "the entire record for reversible error."  *Id.*  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes (A.R.S.)      sections      12-120.21.A.1      (2003),      13-4031      and -4033.A.1 (2010).  Finding no reversible error, we affirm Defendant's convictions and sentences as corrected below.

## FACTS AND PROCEDURAL HISTORY[1]

**¶3**        Victim allowed Defendant and Jessica Beucler (Co-Defendant) to stay in her home temporarily.  One day, Victim returned home and noticed her jewelry box was unlocked and her jewelry was missing.  Victim notified police of the missing jewelry.

**¶4**        Scottsdale Police Department Detective P. located twenty-two pieces of Victim's missing jewelry at Super Pawn, a pawn shop.  Detective P. obtained several pawn ticket transactions for the stolen jewelry signed by Defendant and Co-Defendant.  Detective P. interviewed

_____

[1]        When reviewing the record, "we view the evidence in the light most favorable to supporting the verdict."  *State v. Torres-Soto,* 187 Ariz. 144, 145, 927 P.2d 804, 805 (App. 1996).

a Super Pawn employee and a Cash America Pawn Shop (Cash America) employee who were able to confirm Defendant's identity from the alleged transactions at the pawn shops. After her arrest, Detective P. interviewed Defendant who admitted to stealing and pawning Victim's jewelry.

**¶5**        Defendant was charged by indictment with three counts of trafficking in stolen property. Under counts two and three, the State alleged Defendant promoted and facilitated the pawn transactions on September 10 and 13 as an accomplice. Shortly after Defendant's indictment, the State filed a motion alleging the multiple offenses were not committed on the same occasion.

**¶6**        Defendant failed to appear for trial and was tried in absentia. The trial court found Defendant was aware of the trial date and as such, waived her presence. The trial court instructed jurors of Defendant's right to be absent from the trial and that her absence should not be a factor considered when deciding if the State proved its case beyond a reasonable doubt.

**¶7**        The jury found Defendant guilty on all counts and found three aggravating circumstances. The trial court sentenced Defendant to three years' probation on count one. As to count two, the trial court sentenced Defendant to the presumptive term of three and one-half years' imprisonment. The trial court sentenced Defendant to the presumptive term with a prior felony conviction to six and one-half years' incarceration as to count three. The sentences for counts two and three were to run concurrent, and probation for count one was to start after Defendant's release from the Department of Corrections. Defendant received ninety-two days of pre-sentence incarceration credit. Additionally, the trial court ordered Defendant to submit to DNA testing and required her to pay the cost of the testing.

## DISCUSSION

**¶8**        We review the record for reversible error. *Clark,* 196 Ariz. at 537, ¶ 30, 2 P.3d at 96. Any reasonable inferences are resolved against the defendant. *State v. Tison*, 129 Ariz. 546, 552, 633 P.2d 355, 361 (1981). A reversal of a conviction based on insufficiency of the evidence requires a clear showing that there is not sufficient evidence to support the jury's conclusions, under any hypothesis whatsoever. *State v. Williams*, 209 Ariz. 228, 231, ¶ 6, 99 P.3d 43, 46 (App. 2004) (stating we will not substitute our judgment for that of the jury).

I.      Sufficiency of the Evidence

¶9          "The finder-of-fact, not the appellate court, weighs the evidence and determines the credibility of witnesses."  *State v. Cid*, 181 Ariz. 496, 500, 892 P.2d 216, 220 (App. 1995).  We will not disturb a fact finder's "decision if there is substantial evidence to support its verdict." *Id.*

¶10          To secure a conviction for trafficking in stolen property in the second degree, the State was required to prove Defendant (1) recklessly (2) trafficked (3) in the property of another.  A.R.S. § 13-2307.A (2010).  "'Recklessly' means . . . a person is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that circumstance exists."  *Id.* § 13-105.10(c) (Supp. 2013).  "Stolen property" is defined as "any property of another . . . that has been the subject of any unlawful taking."  *Id.* § 13-2301.B.2 (2010).  Trafficking includes selling, transferring, distributing, dispensing, or otherwise disposing of stolen property to another person. *Id.* § 13-2301.B.3 (2010); *see also State v. DiGiulio*, 172 Ariz. 156, 159, 835 P.2d 488, 491 (App. 1992). Under the accomplice liability theory, the State must prove the Defendant possessed the intent to promote or facilitate the commission of an offense and:  (1) "solicits or commands another person to commit the offense; or (2) aids, counsels, agrees to aid or attempts to aid another person in planning or committing an offense; or (3) provides means or opportunity to another person to commit the offense."  A.R.S. § 13-301 (2010).

¶11          In this case, sufficient evidence supports Defendant's convictions on three counts of trafficking in the property of another. Defendant confessed she stole and pawned several pieces of Victim's jewelry on several different occasions.  The record indicates Defendant and Co-Defendant pawned several pieces of jewelry on September 6, 10, and 13, 2011.  Furthermore, Detective P.'s investigation of the theft linked Victim's stolen jewelry and the items that were pawned on September 6, 10, and 13, to Defendant.  Defendant's signature and finger print appear on the three loan tickets from Super Pawn on September 6.  Defendant also admitted she knew that by stealing and pawning Victim's jewelry, Victim would suffer harm.

¶12          Defendant also confessed she assisted Co-Defendant with transportation and "acted as a lookout" at Cash America and Super Pawn on September 10 and 13.  Moreover, Defendant admitted to stealing and pawning Victim's jewelry with Co-Defendant on September 10 and 13.  A Super Pawn employee identified Defendant and Co-Defendant from a

video recording made on September 10. A Cash America employee also identified Defendant and Co-Defendant on a video recording pawning Victim's jewelry on September 13. Defendant also identified herself and Co-Defendant in photos from the video surveillance tape from Super Pawn.

¶13    Thus, we find sufficient evidence supports Defendant's convictions on all counts.

II.    Sentencing Correction

   A.    Order Requiring DNA Testing

¶14    As part of her sentence, the trial court ordered Defendant to submit to DNA testing and pay the cost of the testing pursuant to A.R.S. § 13-610 (Supp. 2013). While A.R.S. § 13-610.A authorizes the department of corrections to "secure a sufficient sample of blood or other bodily substances for [DNA] testing," the statute does not identify who should incur the costs of testing. *See, e.g.*, *State v. Reyes*, 232 Ariz. 468, 471, ¶ 9, 307 P.3d 35, 38 (App. 2013).

¶15    Although Defendant could be fined as part of her sentence, the trial court's order that Defendant pay the costs incurred for DNA testing was not a fine allowed under A.R.S. § 13-801.A. for the commission of felonies. *See id.* at 472, ¶ 13, 307 P.3d at 39. Because § 13-610 does not require Defendant to incur the cost of the DNA testing, there is no basis for the cost to be imposed. *See id.* at ¶ 14.

¶16    Accordingly, we vacate the portion of the sentencing order requiring Defendant to pay for DNA testing.

   B.    Pre-sentence Incarceration Credit

¶17    As part of our responsibility to review the record in its entirety, *see Clark*, 196 Ariz. at 541, ¶ 49, 2 P.2d at 100, we evaluate whether Defendant received the proper amount of credit for pre-sentence incarceration. The trial court awarded Defendant ninety-two days of pre-sentence incarceration credit in this case and neither party objected. However, from this record we cannot verify whether the pre-sentence incarceration credit the trial court gave Defendant is accurate. The record does not reflect when Defendant was released after posting bond. Nevertheless, at sentencing, the State and defense counsel both agreed Defendant was entitled to ninety-two days of pre-sentence incarceration. Because neither party raised this issue on appeal, we will not disturb the

sentence imposed by the court. *State v. Dawson*, 164 Ariz. 278, 281-82, 792 P.2d 741, 744-45 (1990).

**CONCLUSION**

**¶18**        We have read and considered counsel's brief and have searched the entire record for reversible error. *See Leon,* 104 Ariz. at 300, 451 P.2d at 881. We find none. All of these proceedings were conducted in compliance with Defendant's Constitutional and statutory rights and the Arizona Rules of Criminal Procedure. Defendant was represented by counsel at all critical stages of the proceedings. Defendant was given an opportunity to speak before sentencing and the sentences imposed were within statutory limits. Furthermore, based on our review of the record before us, sufficient evidence supports the jury's verdicts.

**¶19**        Counsel's obligations pertaining to Defendant's representation in this appeal have ended. Counsel need do no more than inform Defendant of the status of her appeal and her future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review, or counsel determines that Defendant was not awarded the correct number of days of pre-sentence incarceration credit. *See State v. Shattuck,* 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984). Defendant shall have thirty days from the date of this decision to proceed, if she desires, with a pro per motion for reconsideration or petition for review.

**¶20**        Accordingly, Defendant's convictions and sentences are affirmed as corrected.



Ruth A. Willingham · Clerk of the Court
FILED: gsh