NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

JASON GRANT GETSCHER, *Appellant*.

No. 1 CA-CR 18-0500
FILED 8-27-2019

Appeal from the Superior Court in Maricopa County
No. CR2017-153891-001
The Honorable Mark H. Brain, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Barbara Hull Attorney at Law, Phoenix
By Barbara L. Hull
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Randall M. Howe joined.

**J O N E S**, Judge:

¶1        Jason Getscher appeals from his conviction and sentence for one count of forgery.  After searching the entire record, Getscher's defense counsel identified no arguable question of law that is not frivolous.  Therefore, in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), defense counsel asks this Court to search the record for fundamental error.  Getscher was granted an opportunity to file a supplemental brief *in propria persona* and did so.  After reviewing the entire record, we reject the arguments raised in Getscher's supplemental brief, and find no error.  Accordingly, Getscher's conviction and sentence are affirmed.

## FACTS AND PROCEDURAL HISTORY

¶2        On November 21, 2017, police discovered a fabricated Arizona driver's license in Getscher's wallet.[1]  The license included a photograph of Getscher but the name and personal information of a different individual, which Getscher had acquired while selling that individual a truck.  After being informed of his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436, 433-34 (1966), Getscher admitted to making the license, claiming he did so to show a friend how easy fake IDs are to make.

¶3        The State charged Getscher with one count of forgery.  He was released on bond and admonished to appear at all further hearings.  After appearing at most of the pretrial hearings, Getscher failed to appear at trial, and his counsel did not object to the trial continuing in his absence.  The jury was instructed not to consider Getscher's absence when deciding whether the State had proved its case beyond a reasonable doubt.

---

[1]        "We view the facts in the light most favorable to sustaining the conviction[] with all reasonable inferences resolved against the defendant." *State v. Harm*, 236 Ariz. 402, 404, ¶ 2 n.2 (App. 2015) (quoting *State v. Valencia*, 186 Ariz. 493, 495 (App. 1996)).

¶4         At the close of the State's case, the jury convicted Getscher as charged.  At sentencing, Getscher admitted four prior felony convictions for: (1) forgery committed on November 16, 2012 in CR2012-159020-001; (2) forgery committed on February 22, 2011 in CR2011-138297-035; (3) misconduct involving weapons committed on June 14, 2002 in CR2002-010297-001; and (4) forgery committed on May 25, 2001 in 2001-008582-001. The State indicated that two of the convictions would be used as historical priors for repetitive offender status and one of the felonies from less than ten years prior would serve as an aggravating factor.  In mitigation, Getscher introduced letters from family and his role as a witness in an unrelated murder trial.

¶5         The trial court sentenced Getscher as a non-dangerous, category-three repetitive offender to the presumptive sentence of ten years' imprisonment, adding that while the mitigation did not outweigh the aggravation, the presumptive sentence was appropriate.  The court credited Getscher with fifty-three days of presentence incarceration.  Getscher timely appealed, and we have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) §§ 12-120.21(A)(1),[2] 13-4031, and -4033(A)(1).

## DISCUSSION

### I.         Prior Felony Convictions

¶6         Within his supplemental brief, Getscher raises several arguments suggesting error in the use of his prior felony convictions in sentencing.  In sum, Getscher contends the convictions were either old or improperly counted and should not have impacted his sentencing; therefore, he should have been sentenced according to a lesser sentencing category.  We disagree.

¶7         Getscher relies on A.R.S. § 13-105(22)(c), which allows a class four felony to serve as an historical prior only if "committed within the five years immediately preceding the date of the present offense."  However, this section goes on to add that "any time spent . . . incarcerated is excluded in calculating if the offense was committed within the preceding five years."  In addition, "[a]ny felony conviction that is a third or more prior felony conviction" can also serve as an historical prior felony conviction. A.R.S. § 13-105(22)(d).  Applying these definitions, the 2012 forgery conviction falls within the five-year limit required for an historical prior

---

[2]         Absent material changes from the relevant date, we cite the current version of rules and statutes.

under subsection (c), and the third and fourth prior felony convictions qualify as historical priors under subsection (d) regardless of the date the underlying crimes were committed. Therefore, the trial court properly sentenced Getscher as a category-three repetitive offender, in accord with A.R.S. § 13-703(C) ("[A] person shall be sentenced as a category three repetitive offender if the person is at least eighteen years of age or has been tried as an adult and stands convicted of a felony and has two or more historical prior felony convictions.").

¶8 Getscher also argues that his prior felony convictions were counted incorrectly, particularly that a single count of forgery was counted as a conviction in both CR2011-138297-035 and CR2012-159021-001. The record reflects, however, that Getscher committed the former offense on February 22, 2011, and the imposition of sentence was suspended following his conviction on August 15, 2012. Getscher then committed a new forgery offense on November 16, 2012, and was convicted on April 9, 2013. At a combined sentencing and disposition hearing, Getscher's probation was revoked, and he was sentenced for both offenses. The fact that sentence was imposed for the two charges at the same time is immaterial; the crimes were distinct events for which Getscher was convicted separately. The fact that he was initially placed on probation for the 2011 offense, and not sentenced to prison until convicted of the subsequent felony, does not change the fact that there were two separate offenses committed and adjudicated.

¶9 Getscher further argues the trial court should not have considered his prior felony convictions because they were not determined by a jury. Getscher waived error on this basis when he voluntarily waived his right to a trial on the issue. Although Getscher argues the waiver was invalid because the State needed to agree to the waiver, this argument is without precedent, and the record reflects Getscher unambiguously intended to waive the priors trial. *See State v. Young*, 230 Ariz. 265, 268-69 (App. 2012) (holding that there is no error, let alone fundamental error, when the defendant was advised of his rights and knowingly, voluntarily, and intelligently waived the right to a priors trial).

## II.        Mitigating Factors

¶10 Getscher also argues the trial court improperly weighed the mitigating factors that were introduced during sentencing. In his supplemental brief, Getscher contends that the court first suggested that the mitigating factors outweighed the aggravating factors and then later asserted the opposite. Upon review of the record, we find that it was

Getscher's counsel who made the former statement, and that Getscher was incorrect in asserting that the court had done so. This Court, furthermore, "will not disturb a trial court's sentencing discretion as long as we find reasonable evidence in the record to substantiate the aggravating factors found by the trial court." *State v. Smith*, 171 Ariz. 501, 506 (App. 1992) (citing *State v. Meador*, 131 Ariz. 343, 348 (App. 1982)). The record contains reasonable evidence to substantiate the aggravating factors here, and we therefore need not disturb the court's decision to impose a presumptive sentence despite any mitigating factors raised.

### III. Fundamental Error Review

**¶11** Further review reveals no fundamental error. *See Leon*, 104 Ariz. at 300 ("An exhaustive search of the record has failed to produce any prejudicial error."). "A person commits forgery if, with intent to defraud, the person: [f]alsely makes, completes or alters a written instrument." A.R.S. § 13-2002(A)(1). The record contains sufficient evidence upon which a jury could determine beyond a reasonable doubt that Getscher was guilty of that offense.

**¶12** All the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, Getscher was represented by counsel at all stages of the proceedings. *See State v. Conner*, 163 Ariz. 97, 104 (1990) (right to counsel at critical stages) (citations omitted). Getscher did not appear for the final pretrial management conference or trial but does not suggest any error in the trial court's decision to proceed *in absentia*. We likewise find no error, as Getscher was advised of the trial date and warned that the State could go forward with the trial in his absence if he failed to appear. *See State v. Muniz-Caudillo*, 185 Ariz. 261, 262 (App. 1996) ("The trial court may infer that a defendant's absence is voluntary if the defendant had personal knowledge of the time of the proceeding, his right to be present, and the warning that the proceeding would take place in his absence if he failed to appear.") (citing *State v. Tudgay*, 128 Ariz. 1, 2 (1981), and Ariz. R. Crim. P. 9.1). Moreover, the jury was instructed not to consider Getscher's absence when deciding whether the State had proved its case beyond a reasonable doubt.

**¶13** The jury was properly comprised of eight jurors, and the record shows no evidence of jury misconduct. *See* A.R.S. § 21-102(B); Ariz. R. Crim. P. 18.1(a). The trial court properly instructed the jury on the elements of the charged offenses, the State's burden of proof, and Getscher's presumption of innocence. At sentencing, Getscher was given an opportunity to speak, and the court stated upon the record the evidence

and materials it considered in imposing the sentence.  *See* Ariz. R. Crim. P. 26.9, 26.10.  Additionally, the sentences imposed were within the statutory limits.  *See* A.R.S. § 13-703(C), (J).

## CONCLUSION

**¶14**   Getscher's conviction and sentence are affirmed.

**¶15**   Defense counsel's obligations pertaining to Getscher's representation in this appeal have ended.  Defense counsel need do no more than inform Getscher of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission to our supreme court by petition for review.  *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).

**¶16**   Getscher has thirty days from the date of this decision to proceed, if he wishes, with an *in propria persona* petition for review.  *See* Ariz. R. Crim. P. 31.21.  Upon the Court's own motion, we also grant Getscher thirty days from the date of this decision to file an *in propria persona* motion for reconsideration.  *See* Ariz. R. Crim. P. 31.20.

