NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

STEVEN MORA, *Appellant.*

No. 1 CA-CR 22-0192
FILED 1-26-2023

---

Appeal from the Superior Court in Maricopa County
No.  CR2018-000891-001
The Honorable Ronee F. Korbin Steiner, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Sharmila Roy Attorney at Law, Plainfield, IL
By Sharmila Roy
*Counsel for Appellant*

Steven Mora, Florence
*Appellant*

---

**MEMORANDUM DECISION**

---

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge James B. Morse Jr. joined.

---

**B R O W N**, Judge:

¶1        This appeal from the superior court's sentencing order is presented to us pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969).  Defense counsel has searched the record on appeal and advised us there are no meritorious grounds for reversal. The defendant, Steven Mora, was given the opportunity to file a supplemental brief and did not do so.  Our obligation is to review the sentencing record for reversible error.  *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999); *State v. Smith*, 171 Ariz. 501, 505 (App. 1992) (reviewing sentencing order as an *Anders* appeal).  We will not disturb a sentence absent a clear abuse of discretion.  *State v. Ward*, 200 Ariz. 387, 389, ¶ 5 (App. 2001).

¶2        As pertinent here, in 2018 a grand jury indicted Mora on two counts of child molestation (counts one and two), and two counts of public sexual indecency (counts five and six), alleging he committed the acts against the victim on multiple occasions between October 12, 2007, and October 11, 2009.  A jury found Mora guilty on all four counts, and the superior court found that he had two historical prior felony convictions from Texas. The court then sentenced Mora to two consecutive life sentences for counts one and two, and presumptive, concurrent five-year sentences for counts five and six.

¶3        Mora timely appealed his sentences, arguing the superior court erred in concluding that his prior convictions from Texas were predicate felonies that compelled enhancement of his sentences to life in prison.  *State v. Mora*, 252 Ariz. 122, 124, ¶ 1 (App. 2021).  We affirmed his convictions and the sentences as to counts five and six.  *Id.* at 129, ¶ 23.  But as to counts one and two, we vacated both life sentences after concluding the Texas convictions could not serve as predicate felonies under A.R.S. § 13-705(I).  *Id.* at 128–29, ¶ 21.  We therefore remanded the case to the superior court for re-sentencing on those counts.  *Id.*  at ¶¶ 22–23.

¶4        At the outset of the re-sentencing hearing, the superior court informed the parties that it had reviewed an updated presentence report, Mora's sentencing memorandum and criminal history, the State's allegation of aggravating circumstances, and the orders entered when he was originally sentenced. After the State presented evidence of Mora's prior convictions, it asked the court to impose the presumptive term on both counts and argued the sentences must run consecutively under *State v. Brock*, 248 Ariz. 583, 587, ¶ 2 (App. 2020) (holding that a defendant who commits two counts of child molestation against the same victim must receive consecutive sentences). Mora disagreed that *Brock* was applicable, asserting that it was decided long after he committed these crimes and even after his original sentencing. *See id.* Mora therefore asked the court to order concurrent sentences.

¶5        The court then sentenced Mora to presumptive, consecutive 17-year sentences for counts one and two, and it ordered count one to run consecutively to the sentences for counts five and six. The court explained that consecutive sentences were justified, regardless of whether *Brock* was controlling, because of the significant emotional harm to the victim, including the presence and participation of an accomplice, and Mora's criminal history. *See id.* Mora timely appealed and we have jurisdiction under A.R.S. § 12-120.21(A)(1).

¶6        After a thorough review of the sentencing record, we find no reversible error. *Clark*, 196 Ariz. at 541, ¶ 50. The record reflects Mora was present and represented by counsel throughout the sentencing proceedings. The sentences imposed fall within the ranges permitted by law. *See* A.R.S. §§ 13-702, -705; *Mora*, 252 Ariz. at 129, ¶ 23. As far as the record reveals, sentencing was conducted in compliance with the Arizona Rules of Criminal Procedure and Mora's constitutional and statutory rights. Thus, we affirm Mora's sentences on counts one and two.

¶7        Unless defense counsel finds an issue that may be appropriately submitted to the Arizona Supreme Court, her obligations are fulfilled once she informs Mora of the outcome of this appeal and his future

options.  *State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).  Mora has 30 days from the date of this decision to proceed, if he wishes, with a pro per motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:    AA