IN THE
# ARIZONA COURT OF APPEALS
DIVISION TWO

THE STATE OF ARIZONA,
*Appellee,*


*v.*


ANTHONY CONNUE SERRANO,
*Appellant.*


No. 2 CA-CR 2012-0215
Filed May 7, 2014


Appeal from the Superior Court in Pima County
No. CR20103186001
The Honorable Richard S. Fields, Judge

**VACATED IN PART**


COUNSEL

Thomas C. Horne, Arizona Attorney General
Joseph T. Maziarz, Section Chief Counsel, Phoenix
By Jonathan Bass, Assistant Attorney General, Tucson
*Counsel for Appellee*

Lori J. Lefferts, Pima County Public Defender
By Frank P. Leto, Assistant Public Defender, Tucson
*Counsel for Appellant*

## OPINION

Judge Eckerstrom authored the opinion of the Court, in which Presiding Judge Kelly and Judge Espinosa concurred.

E C K E R S T R O M, Judge:

**¶1**　　　　Following a jury trial, appellant Anthony Serrano was convicted of unlawful imprisonment, assault, and sexual abuse. Almost three weeks after sentencing, the trial court ordered Serrano to register as a sex offender.  Because this irregular post-sentencing order did not extend the time for taking an appeal, and because Serrano did not file a timely notice of appeal from his judgment and sentences, we lack jurisdiction to review those matters.[1]  However, we vacate the registration order, which was appealed in a timely fashion, because the court was not authorized to enter this order after sentencing.

### Factual and Procedural Background

**¶2**　　　　On April 5, 2012, the trial court imposed concurrent prison sentences, the longest of which was six years.  The next day the state filed a "motion for clarification," without citing any authority for the request. The document stated that "the Court did not make a determination regarding registration," and it "request[ed] that the Court make a determination regarding sex offender registration" in view of Serrano's conviction for sexual abuse of an adult.  The court then set a hearing on the matter and continued it when Serrano refused transport.

**¶3**　　　　At the hearing on the state's motion, the prosecutor again asked the trial court "for clarification" on the issue of

---

[1]Serrano still may seek relief pursuant to Rule 32.1(f), Ariz. R. Crim. P.  *See State v. Whitman*, 684 Ariz. Adv. Rep. 7, n.2 (Ariz. Apr. 9, 2014).

discretionary sex offender registration because the court had not stated at sentencing whether it would require Serrano to register. Serrano addressed the issue solely on the merits and asked the court, in its discretion, not to order registration. He made no objection to the proceedings on the grounds they were illegal or unauthorized. In fact, Serrano maintained "sentencing . . . legally . . . wasn't completed because we needed to complete this task." He also asked the court for an express finding, which the court provided, that "sentencing is now complete for purposes of appeal." The court's registration order was dated April 24, 2012, and filed April 27. Serrano filed a notice of appeal on May 2, 2012, challenging the "Judgment and Conviction" as well as the April 24 registration order.

**Discussion**

**¶4**　　Despite both parties' assertions that we have jurisdiction over this appeal, we have an independent duty to examine and confirm our appellate jurisdiction. *State v. Bejarano*, 219 Ariz. 518, ¶ 2, 200 P.3d 1015, 1016 (App. 2008). Parties cannot confer jurisdiction upon this court by agreement, *Soltes v. Jarzynka*, 127 Ariz. 427, 429, 621 P.2d 933, 935 (App. 1980), by stipulation, *In re Maricopa Cnty. Juv. Actions Nos. J-86384 & JS-2605*, 122 Ariz. 238, 239-40, 594 P.2d 104, 105-06 (App. 1979), or, as the state suggests, by invited error or forfeiture, *see Thomas v. Thomas*, 203 Ariz. 34, ¶ 9, 49 P.3d 306, 308 (App. 2002). Our jurisdiction is provided and limited by law. Ariz. Const. art. VI, § 9; *State v. Avila*, 147 Ariz. 330, 333, 710 P.2d 440, 443 (1985); *State v. Wilson*, 207 Ariz. 12, ¶ 4, 82 P.3d 797, 799 (App. 2004). Hence, the legal conclusions reached by the parties and the trial court are irrelevant to our de novo analysis of the issues affecting our jurisdiction. *See Bejarano*, 219 Ariz. 518, ¶ 2, 200 P.3d at 1017.

**Modification and Appeal of Judgment and Sentence**

**¶5**　　"Jurisdiction to entertain a criminal appeal is vested in this court by the timely filing of a notice of appeal pursuant to a jurisdictional statute." *State v. Smith*, 171 Ariz. 501, 503, 831 P.2d 877, 879 (App. 1992). As our supreme court recently clarified in *State v. Whitman*, 684 Ariz. Adv. Rep. 7, ¶ 1 (Apr. 9, 2014), the

pronouncement of sentence begins the twenty-day period for filing a notice of appeal under Rule 31.3, Ariz. R. Crim. P. This means the deadline for filing the notice of appeal here was April 25. *See* Ariz. R. Crim. P. 1.3(a). Serrano's May 2 notice was therefore untimely, and we lack jurisdiction over his appeal from the judgment and sentence. *See* A.R.S. § 13-4033(A)(1), (4) (allowing defendant to appeal final judgment or sentence).

¶6 Contrary to the state's arguments in its answering brief, the post-sentencing developments here had no effect on the judgment, sentences, or time for taking an appeal. In short, the case was final at sentencing and not subject to further modification or orders. Although the state styled its motion below as one for "clarification," implying there was an "error[] in the record arising from oversight or omission" that was subject to correction under Rule 24.4, Ariz. R. Crim. P., the state's request was not authorized by that rule. The motion did not call upon the trial court to correct or "clarify the record and make sure it accurately reflected the sentence originally imposed," as is the purpose of Rule 24.4. *State v. Lujan*, 136 Ariz. 326, 329, 666 P.2d 71, 74 (1983). As the state acknowledged, the court simply had not addressed the topic of sex offender registration at sentencing, and the record accurately reflects this fact. Thus, the state did not seek "to correct the record to make it speak the truth" as contemplated by Rule 24.4. *State v. Pyeatt*, 135 Ariz. 141, 143, 659 P.2d 1286, 1288 (App. 1982). Instead, the state sought "to supply judicial action" and "cause an order . . . that was never previously made . . . to be placed upon the record," which Rule 24.4 does not permit. *Pyeatt*, 135 Ariz. at 143, 659 P.2d at 1288.

¶7 As the state implicitly acknowledged in its motion, the trial court failed to address the issue of sex offender registration at sentencing because the parties had made no such request, and the court was not legally required to do so sua sponte. Section 13-3821, A.R.S., automatically imposes registration requirements on individuals convicted of the criminal offenses set forth in subsection (A) of the statute; subsection (C), in turn, gives a trial court discretion to order registration in other specified situations. *Fisher v. Kaufman*, 201 Ariz. 500, ¶¶ 9-10, 38 P.3d 38, 40 (App. 2001). When, as here, a person is convicted of sexual abuse against an adult,

registration is not mandated by the statute but may be required in the court's discretion. *State v. Ray*, 209 Ariz. 429, ¶ 8, 104 P.3d 160, 163 (App. 2004). Section 13-3821(C) provides, in relevant part, that "the judge who sentences a defendant for any violation of chapter 14 . . . *may* require the person who committed the offense to register pursuant to this section." (Emphasis added.) Neither our rules of procedure nor our statutes require judges to address the issue of sex offender registration at sentencing when doing so is discretionary. *See* Ariz. R. Crim. P. 26.10, 26.11 (specifying court's obligations at sentencing). *Cf.* Ariz. R. Crim. P. 27.12(a), (d) (requiring court in probation review hearing to consider whether to continue sex offender registration for certain young offenders who committed crimes as minors).

¶8 We do not "require trial judges sua sponte to rule on issues not raised before them," *State v. Cannon*, 148 Ariz. 72, 76, 713 P.2d 273, 277 (1985), and it is generally the parties' responsibility to seek discretionary orders. *See, e.g.*, *State v. Clabourne*, 142 Ariz. 335, 346, 690 P.2d 54, 65 (1984) (preparation of new pre-sentence report); *State v. Romo*, 111 Ariz. 70, 70, 523 P.2d 501, 501 (1974) (postponement of sentencing for competency examination); *State v. Longoria*, 123 Ariz. 7, 10, 596 P.2d 1179, 1182 (App. 1979) (severance, continuance, or mistrial); *see also State v. Gipson*, 229 Ariz. 484, ¶ 15, 277 P.3d 189, 192 (2012) (noting adversary system permits counsel to choose tactics). Here, had the state filed its post-sentencing motion before sentencing had occurred, then the trial court's silence on the issue would be treated as a denial of the state's request for a registration order. "A motion that is not ruled on is deemed denied by operation of law." *State v. Hill*, 174 Ariz. 313, 323, 848 P.2d 1375, 1385 (1993). *A fortiori*, a motion that is never made has the same result.

¶9 In criminal proceedings, the judgment and sentence are "complete and valid" upon oral pronouncement, Ariz. R. Crim. P. 26.16(a), and cannot be modified thereafter except as provided by Rule 24.3, Ariz. R. Crim. P. *State v. Thomas*, 142 Ariz. 201, 204, 688 P.2d 1093, 1096 (App. 1984). Contrary to the state's assertion, trial courts lack inherent authority to modify a criminal judgment and sentence. Our supreme court definitively resolved this question

with the following passage in *State v. Falkner*, 112 Ariz. 372, 374, 542 P.2d 404, 406 (1975):

> Does the court have inherent power to modify a sentence? The answer is in the negative. There is no such power in the superior court. The Supreme Court's Advisory Committee on Criminal Rules suggested this grant of jurisdiction to the trial court, but it was rejected. See Arizona Proposed Rules of Criminal Procedure, July 15, 1972, Proposed Rule 27.3(b). Therefore, the trial court's jurisdiction in post-trial motions is limited to that set out in the Rules, and an exercise of that jurisdiction is permissible only upon the grounds specified therein.

*Accord State v. Superior Court*, 124 Ariz. 288, 289, 603 P.2d 915, 916 (1979); *State v. Guthrie*, 110 Ariz. 257, 258, 517 P.2d 1253, 1254 (1974) ("As we have held in the past the superior court has no jurisdiction to modify its original judgment.").

¶10　　　　The cases relied upon by the state do not address or otherwise undermine this holding of *Falkner*. In *State v. Mann*, our supreme court stated that "courts have the inherent authority to clarify or modify their own judgments and orders." 188 Ariz. 220, 230, 934 P.2d 784, 794 (1997). That case, however, exclusively concerned post-sentencing clarification, not modification or issuance of new orders. The trial judge in *Mann* had denied a motion for reconsideration, he "merely explained the reasons for a few of his previous findings," and he held an additional hearing for the sole purpose of "clarif[ying his] . . . reasoning on a sentence already imposed." *Id.* at 229-30, 934 P.2d at 793-94. The supreme court's statement in *Mann* regarding modification therefore did not address or resolve the question here and, to the extent it might be applicable by logic, it was dictum, because neither the judgment nor the sentence had been altered in that case. *See Town of Chino Valley v. City of Prescott*, 131 Ariz. 78, 81, 638 P.2d 1324, 1327 (1981) ("Dictum . . . is a court's statement on a question not necessarily involved in

the case and, hence, is without force of adjudication."). The state's reliance on *Skinner v. Superior Court* is similarly misplaced, as that case concerned a pretrial dismissal without prejudice, not the modification of a final judgment and sentence. 106 Ariz. 287, 288, 475 P.2d 271, 272 (1970). In short, no controlling authority is contrary to our supreme court's express statement in *Falkner* that modification can occur only pursuant to Rule 24.3.

¶11        Under that rule, modification is permitted only if a sentence is "unlawful . . . or . . . imposed in an unlawful manner." Ariz. R. Crim. P. 24.3. The sentences here were not unlawful, and the state has not argued otherwise. Nor were the sentences imposed without regard for statutory and procedural rules. The absence of a registration order, therefore, did not allow the court to modify the judgment or sentences under Rule 24.3. Accordingly, the time for appeal was unaffected by the developments after the pronouncement of sentence.

**Validity and Appeal of Registration Order**

¶12        As noted, Serrano's notice of appeal challenges not only the judgment and sentences, but the registration order itself, and his opening brief asserts the trial court lacked "power, authority, or jurisdiction" to order sex offender registration after sentencing. We need not address whether the trial court exceeded its jurisdiction here because, at minimum, we conclude the order was unauthorized and invalid, and Serrano is consequently entitled to relief from it.

¶13        The legislature has specified in § 13-3821 that a sex offender registration order generally must be made at sentencing, if at all.[2] As we noted above, the statute authorizes "the judge who

---

[2]The terms of § 13-3821 do not prohibit a trial court from requiring sex offender registration following a suspended sentence and revocation of probation, and we do not address that situation here. Similarly, this case does not concern registration of a juvenile offender, for whom the statute prescribes different procedures. *See* § 13-3821(D); *In re Javier B.*, 230 Ariz. 100, ¶ 1, 280 P.3d 644, 645 (App. 2012) (holding "an order imposing sex offender registration

sentences" the defendant to order registration, § 13-3821(C), and it further provides that "the clerk of the superior court . . . shall notify the sheriff" of a discretionary registration order "within ten days after entry of the judgment." § 13-3821(K). The entry of judgment occurs at sentencing. *See* Ariz. R. Crim. P. 26.2; *Whitman*, 684 Ariz. Adv. Rep. 7, ¶ 1. Thus, the legislature has demonstrated a clear intent that any discretionary order that a person register as a sex offender must occur at the time of sentencing. *See State ex rel. Corbin v. Pickrell*, 136 Ariz. 589, 594, 667 P.2d 1304, 1309 (1983) (recognizing language of statute as clearest indicator of legislative intent).

¶14 By requiring such orders to be made at that time, the legislature has ensured that defendants receive important procedural protections, such as representation by counsel, as well as actual notice of any registration obligation. *See State v. Henry*, 224 Ariz. 164, n.5, 228 P.3d 900, 902 n.5 (App. 2010) (noting due process right to notice of registration requirement); *see also State v. Stummer*, 219 Ariz. 137, n.7, 194 P.3d 1043, 1050 n.7 (2008) (observing "sex offender status has significant and far-reaching consequences"); *Fushek v. State*, 218 Ariz. 285, ¶¶ 17, 30, 183 P.3d 536, 541, 543-44 (2008) (finding sex offender registration sufficiently severe consequence to trigger certain constitutional procedural rights). The legislature also has followed the general public policy of Arizona against piecemeal appeals. *See Bilke v. State*, 206 Ariz. 462, ¶ 10, 80 P.3d 269, 271 (2003). It has not authorized the court, as it has in other contexts, to make a post-sentencing order as to sex offender registration that will give rise to a separate appeal. *Cf.* A.R.S. § 13-805(A) (granting trial court jurisdiction to make certain payment-related orders); *State v. Fancher*, 169 Ariz. 266, 266 n.1, 818 P.2d 251, 251 n.1 (App. 1991) (noting restitution order separately appealable, despite general public policy).

¶15 Under § 13-4033(A)(3), a party may appeal an order made after judgment that affects the party's substantial rights. Even when an order is void or invalid, it "remain[s] on record with practical effect until subsequently removed by court order." *State ex*

---

after the juvenile court's initial disposition can be a final, appealable order").

*rel. Morrison v. Superior Court*, 82 Ariz. 237, 241, 311 P.2d 835, 837 (1957). Thus, our supreme court has held that even void orders are appealable under the terms of this statute. *Id.* at 239, 241, 311 P.2d at 837, 838.[3] For this reason, notwithstanding that discretionary sex offender registration orders are not authorized after sentencing, we retain jurisdiction to review and vacate such orders on appeal.

## Conclusion

**¶16** In sum, none of the post-sentencing developments here extended the time for Serrano to appeal his convictions and sentences. The judgment and sentences were not subject to modification under Rule 24.3, because the trial court's failure to order sex offender registration was not illegal. And because the registration order entered weeks after sentencing was invalid, it had no effect on the final judgment and sentences entered on April 5, 2012. Thus, the time for taking an appeal from the judgment and sentences began to run on that date and expired before Serrano filed his notice of appeal. We therefore lack jurisdiction over Serrano's appeal from the judgment and sentences. Because the April 24 registration order is one that may be appealed pursuant to § 13-4033(A)(3), we have jurisdiction over the appeal from that order and vacate it because the legislature has specified that such registration orders must be entered at the time of sentencing.

---

[3] The current language in § 13-4033(A)(3) previously was found in A.R.S. § 13-1712(5) (1956).