NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Petitioner*,

*v.*

THE HONORABLE JOSEPH C. KREAMER, Judge of the SUPERIOR
COURT OF THE STATE OF ARIZONA, in and for the County of
MARICOPA, *Respondent Judge*,

OTIS MAGEE, JR., *Real Party in Interest*.

No. 1 CA-SA 14-0196
FILED 12-09-2014

Petition for Special Action from the Superior Court in Maricopa County
No. CR2011-113640-001
The Honorable Joseph C. Kreamer, Judge

**JURISDICTION ACCEPTED; RELIEF GRANTED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Gerald R. Grant
*Counsel for Petitioner*

Law Office of the Public Defender, Phoenix
By Mikel Steinfeld
*Counsel for Real Party in Interest*

---

**MEMORANDUM DECISION**

Presiding Judge Jon W. Thompson delivered the decision of the Court, in which Judge Donn Kessler and Judge Kent E. Cattani joined.

---

**T H O M P S O N**, Presiding Judge:

¶1        We accept jurisdiction of this special action and grant relief to the petitioner, State of Arizona.  We hold that the trial court erred by finding that it lacked jurisdiction to require real party in interest Otis Magee, Jr. (defendant ), who is on probation, to register as a sex offender.

**FACTUAL AND PROCEDURAL HISTORY**

¶2        Defendant was a substitute teacher at a charter school where the fifteen-year-old victim was a student.  In late 2010, defendant took the victim and her friend to a fast food restaurant.  While the victim was sitting in his car, defendant touched her vagina over her clothing five or six times.  As the victim was attempting to exit defendant's vehicle, he put his hands down her shorts and held on to her for a short amount of time before she was able to get out of the car.

¶3        In December 2011, defendant pled guilty to count 1 of an indictment that originally charged sexual abuse, a felony, but was amended to contributing to the delinquency of a minor, a class 1 misdemeanor.  The trial court accepted the plea, and dismissed a second count for unlawful imprisonment.  The parties stipulated that the offense was sexually motivated, and agreed that defendant would be placed on supervised probation.  The plea agreement provided that whether defendant would be required to register as a sex offender would be left to the discretion of the court.

¶4        In its presentence investigation report, the probation department recommended that defendant undergo a psychosexual evaluation, and that "[o]nce this testing is completed and the results obtained, the supervising probation officer can determine whether the defendant should be required to register as a sex offender."

¶5        Prior to sentencing, defendant filed a sentencing memorandum asking that the trial court not require him to register as a sex

offender. In his sentencing memorandum, he noted that "[t]he court also has the ability to retain jurisdiction over this issue and rule upon it at a later date." In February 2012, the trial court suspended the imposition of sentencing, and placed defendant on supervised probation for three years. The court ordered him to undergo a psychosexual evaluation, after which the probation department would provide a recommendation to the court regarding sex offender registration, "to be determined at the Review Hearing on August 9, 2012."

¶6        As of July 2012, defendant had not completed the psychosexual evaluation. His probation officer proposed that he instead complete a less costly "modified psycho-sexual evaluation," and requested that the review hearing be continued. Defendant underwent the alternate assessment, and in November 2012 the probation department recommended, based on the assessment, that the court order him to register as a sex offender. In February 2013, defendant filed motions requesting that the state disclose the psychosexual risk assessment and to continue the review hearing. He asked the court to "hold off on the sex offender registration decision . . . until the counseling and treatment is completed." The court granted a continuance, and in April 2013 defendant filed a memorandum requesting the court to "continue to defer the decision of sex offender registration until [defendant]'s probation term is complete." In that memorandum, defendant asserted that the psychosexual risk assessment he had completed was "unreliable and incomplete."

¶7        In May 2013, defendant filed another motion to continue the review hearing, which had been reset to May 17, 2013, to July or August. In this motion, defendant stated that another polygraph had been scheduled for July 2013 and that the state did not object to the court ruling on the sex offender registration issue after the results of the polygraph were available. The court continued the matter to August 2013 and then again to October 2013. At a status conference in October 2013, the court noted that a counseling report it had received in July 2013 was "lacking and/or incomplete," and delayed its decision on defendant's sex offender registration until March 2014. The court ordered defendant to submit a completed evaluation prior to the March 2014 status conference/review hearing.

¶8        Defendant did not get the new evaluation by March 2014, and the court again continued the review hearing, noting that "[t]he Court has been advised that the funding issue has been resolved and Defendant will get the requested testing."

**¶9**　　　　　In August 2014 defendant filed a supplemental brief arguing that, pursuant to *State v. Serrano*, 234 Ariz. 491, 323 P.3d 774 (App. 2014), the trial court lacked jurisdiction to require him to register as a sex offender. In *Serrano*, this Court held that a trial court does not have jurisdiction to order a defendant to register as a sex offender after oral pronouncement of sentence.　234 Ariz. at 494-95, ¶¶ 9-15, 323 P.3d at 777-78.　Relying on *Serrano*, the trial court concluded in this case that it lacked jurisdiction to determine whether defendant should register as a sex offender.　The state filed this special action and we accepted jurisdiction.

## DISCUSSION

**¶10**　　　　　Special action jurisdiction is appropriate because the state has no equally plain, adequate, or speedy remedy by appeal.　*See* Ariz. R. P. Spec. Act. 1(a); *Alejandro v. Harrison*, 223 Ariz. 21, 23, ¶ 6, 219 P.3d 231, 233 (App. 2009).

**¶11**　　　　　We conclude that the state is entitled to relief.　First, *Serrano* does not apply to cases in which the trial court has suspended the imposition of sentence and placed the defendant on probation.　Further, defendant here consented to a delayed resolution of sex-offender registration status.　He did so presumably because he believed a delayed determination would permit him to develop evidence that would persuade the court not to require him to register as a sex offender.　By agreeing to this procedure, defendant is precluded from now challenging it.　*See State v. Logan*, 200 Ariz. 564, 565-66, ¶9, 30 P.3d 631, 632-33 (2001) (party who invites error waives any challenge to results); s*ee also State v. Bouchier*, 159 Ariz. 346, 348, 767 P.2d 233, 235 (App. 1989) (probationer waived objections to sex offender registration by failing to object to them).

**¶12**　　　　　Arizona Revised Statutes (A.R.S.) section 13-901(A) (2010) provides that if a defendant who has been convicted of an offense is eligible for probation, "the court may suspend the imposition or execution of sentence" and place the defendant on intensive, supervised, or unsupervised probation.　A trial court thus retains jurisdiction over a defendant who is on probation until the term of his probation is completed or it is revoked and he is sentenced. *See State v. Contreras*, 180 Ariz. 450, 453, 885 P.2d 138, 141 (App. 1994) ("When the trial court suspends sentence and orders probation, the sentence is not final.　The court retains jurisdiction over the probationary terms and the probationer until the term of probation is successfully completed or until it is revoked and a prison sentence

ordered.") (citing *State v. Holguin*, 177 Ariz. 589, 870 P.2d 407 (App. 1993) and A.R.S. § 13-603(B)).

**¶13**        Unlike the defendant in *Serrano*, who was sentenced to concurrent prison terms, defendant here remains subject to the jurisdiction of the trial court pending completion of his probationary term in February 2015. Thus, the trial court erred by applying *Serrano* to this case.

## CONCLUSION

**¶14**        Because the trial court has jurisdiction to decide whether defendant should register as a sex offender, we accept jurisdiction and grant relief.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama