NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

GILBERT RUIZ PERALTA, *Petitioner*.

No. 1 CA-CR 15-0663 PRPC
FILED 6-8-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2013-452689-001
The Honorable Richard F. Albrecht, Judge *Pro Tempore*

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By E. Catherine Leisch
*Counsel for Respondent*

Gilbert Ruiz Peralta, Kingman
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Margaret H. Downie delivered the decision of the Court, in which Judge Kenton D. Jones and Judge Donn Kessler joined.

**D O W N I E**, Judge:

**¶1**         Gilbert Ruiz Peralta petitions for review from the superior court's dismissal of his petition for post-conviction relief.  For the following reasons, we grant review but deny relief.

**¶2**         In 2014, Peralta pleaded guilty to failure to register as a sex offender, and the superior court sentenced him as a repetitive offender to a presumptive 4.5-year prison term.  Peralta filed a timely notice of post-conviction relief.

**¶3**         After Peralta's appointed counsel notified the court that he could identify no colorable claim for relief, Peralta filed a *pro se* petition for post-conviction relief, claiming he was convicted in violation of his constitutional rights and alleging ineffective assistance of counsel.  The superior court dismissed the petition, ruling Peralta had failed to state a colorable claim for relief.  This petition for review followed.

**¶4**         We review the summary dismissal of a petition for post-conviction relief for abuse of discretion.  *State v. Bennett*, 213 Ariz. 562, 566, ¶ 17 (2006).  Summary dismissal is appropriate "[i]f the court . . . determines that no . . . claim presents a material issue of fact or law which would entitle the defendant to relief under this rule and that no purpose would be served by any further proceedings."  Ariz. R. Crim. P. 32.6(c).  To be entitled to an evidentiary hearing, a petitioner must present a colorable claim.  *State v. Krum*, 183 Ariz. 288, 292 (1995).  A colorable claim is one that, if the allegations are true, would probably have changed the outcome.  *State v. Amaral*, 239 Ariz. 217, 220, ¶ 10 (2016).

**¶5**         All of Peralta's claims for relief are predicated on the premise he was not required to register as a sex offender.  He offers several reasons why his 1986 conviction for attempted sexual conduct with a minor did not require registration, including: (1) the conviction was a misdemeanor; (2) the plea agreement did not require registration; and (3) the superior court did not order Peralta to register when he was sentenced for the sexual conduct with a minor offense.

**¶6**         Arizona Revised Statutes ("A.R.S.") section 13-3821, which requires individuals convicted of specified offenses to register as sex offenders, is not limited to felony offenses.  The registration requirement applies to all convictions for a violation or attempted violation of the offenses listed in subsection (A), which includes "sexual conduct with a minor."  A.R.S. § 13-3821(A)(4).  Furthermore, because attempted sexual

conduct with a minor is an offense for which registration is statutorily mandated, the absence of a reference to sex offender registration in the plea agreement and the failure to expressly order registration at the 1986 sentencing is immaterial. *See State v. Serrano*, 234 Ariz. 491, 493, ¶ 7 (App. 2014) (Section 13–3821 "automatically imposes registration requirements on individuals convicted of the criminal offenses set forth in subsection (A) of the statute."). Under these circumstances, the superior court did not abuse its discretion by summarily dismissing Peralta's petition because it did not state a colorable claim for relief.

## CONCLUSION

¶7          For the foregoing reasons, we grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED: AA