NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

DAVID R. MORGAN, *Petitioner.*

No. 1 CA-CR 18-0655 PRPC
FILED 4-9-2019

Petition for Review from the Superior Court in Maricopa County
No.  CR2000-092886
CR2006-143360-001
CR2016-001642-001
CR2016-101957-001
CR2016-123290-001
The Honorable Joseph P. Mikitish, Judge
The Honorable John C. Rea, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

David R. Morgan, Florence
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Jennifer M. Perkins joined.

---

**B R O W N**, Judge:

¶1 Petitioner David Morgan seeks review of the superior court's orders denying his petitions for post-conviction relief ("PCR"), filed pursuant to Arizona Rule of Criminal Procedure 32.1. We have considered the petition for review and, for the reasons stated, grant review and deny relief.

¶2 In 2000, Morgan pled guilty to one count of failure to register as a sex offender. The superior court suspended imposition of a sentence and placed him on four years' probation. The probation department subsequently filed a petition to revoke Morgan's probation. Morgan admitted to a violation and the court reinstated probation. In 2001, the probation department filed another petition to revoke Morgan's probation, and he again admitted to a violation. The court sentenced Morgan to two-and-one-half years' imprisonment.

¶3 In 2006, Morgan pled guilty to one count of failure to register as a sex offender, and the superior court sentenced him to a term of one-and-one-half years' imprisonment.

¶4 Ten years later, Morgan entered three separate plea agreements, pleading guilty to two counts of failure to register as a sex offender (CR2016-001642-001; CR2016-123290-001) and one count of possession or use of dangerous drugs (CR2016-101957-001). The superior court imposed a five-year prison term for the drug count and lifetime probation for each count of failure to register as a sex offender.

¶5 Morgan filed a PCR notice seeking relief from the 2016, 2006, and 2000 plea agreements. After appointed counsel informed the court there were no colorable claims for relief, Morgan filed five pro per PCRs.

¶6 In CR2016-001642-001, the superior court denied the petition after a thorough analysis, finding in relevant part that (1) the PCR notices to the 2006 and 2000 convictions were not timely, which limits the claims for those convictions; (2) Morgan's assertion that the grand juries were

given incorrect information about his criminal history was not within the limited review available to the 2006 and 2000 convictions and Morgan did not explain how the "purported prosecutorial mistake would affect his conviction or sentence" in the 2016 cases; (3) sex offender registration is not an ex post facto law; and (4) "the sex offender registration provisions do not violate double jeopardy." A different judge later dismissed Morgan's other PCRs, relying on the prior ruling in CR2016-001642-001. This petition for review followed.

**¶7**　　　　Absent an abuse of discretion or error of law, this court will not disturb a superior court's ruling on a petition for post-conviction relief. *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012). It is Morgan's burden to show the court abused its discretion. *See State v. Poblete*, 227 Ariz. 537, 538 ¶ 1 (App. 2011).

**¶8**　　　　Morgan argues the retroactive application of the sex offender registration statute, Arizona Revised Statute ("A.R.S.") section 13-3821, to his underlying 1993 conviction for attempted sexual assault violates both his federal and state constitutional rights. Our supreme court, however, has determined that the retroactive application of § 13-3821 is not violative of either the state or federal constitutional prohibitions against ex post facto laws because the statute is "regulatory in nature" rather than punitive. *State v. Noble*, 171 Ariz. 171, 178 (1992); *see also Smith v. Doe*, 538 U.S. 84, 96 (2003) (finding Alaska's sex offender registration laws did not constitute ex post facto punishment because the intent of Alaska's legislature was to create a nonpunitive regime). Similarly, retroactive application of § 13-3821 does not violate state or federal constitutional proscriptions against cruel and unusual punishments or double punishments for the same offense. *State v. Henry*, 224 Ariz. 164, 172, ¶ 27 (App. 2010) (stating violations of the sex offender registration statutes do not constitute double jeopardy "given our conclusion that sex offender registration is a nonpunitive regulatory scheme"); *State v. Helmer*, 203 Ariz. 309, 311, ¶ 9 (App. 2002) (concluding § 13-3821 is a continuing offense that does not violate ex post facto principles because the statute "imposes continuing, lifetime duties on those required to register"); *cf. State v. Cameron*, 185 Ariz. 467, 469 (App. 1996) (finding sex offender registration for a defendant convicted of a misdemeanor was not cruel and unusual punishment).

**¶9**　　　　Morgan also contends he is not required to register as a sex offender because registration was not ordered at his sentencing hearing in 1993. Morgan's argument misconstrues the law. Only "discretionary order[s] that a person register as a sex offender must occur at the time of sentencing." *State v. Serrano*, 234 Ariz. 491, 495, ¶ 13 (App. 2014); *see* A.R.S.

§ 13-3821(C).  Sex offender registration is an "automatic requirement" on individuals convicted of the criminal offenses in § 13-3821(A), *Serrano*, 234 Ariz. at 493, ¶ 7, and it is the duty of "the state department of corrections in conjunction with the department of public safety and each county sheriff" to complete a defendant's registration before he or she is released from confinement, A.R.S. § 13-3821(B).  In 1995, the legislature amended § 13-3821(A), expanding the statute's retroactive application to attempts of the enumerated offenses in subsection A.  1995 Ariz. Sess. Laws, ch. 257, § 3 (1st Reg. Sess.).  Sexual assault is an enumerated offense, § 13-3821(A)(5); thus, we reject Morgan's argument that it was illegal for the Arizona Department of Corrections to require him to register.

**¶10**      Morgan next argues the State provided misleading information regarding his prior criminal history to the grand juries to obtain his indictments.  We do not address the merits of this argument because Morgan's guilty pleas waived any non-jurisdictional defense, error, or defect that occurred prior to each plea, unless it affected the plea's validity.  *State v. Toulouse*, 122 Ariz. 275, 277 (1979); *see also State v. Reed*, 121 Ariz. 547, 548–49 (App. 1979) (applying waiver to alleged errors in a grand jury proceeding because such challenges are non-jurisdictional).

**¶11**      Finding no abuse of discretion, we grant review and deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA