NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ALEX MERAZ, *Appellant.*

No. 1 CA-CR 21-0425
1 CA-CR 21-0543
(Consolidated)
FILED 5-24-2022

Appeal from the Superior Court in Yuma County
No. S1400CR201601054
The Honorable Roger A. Nelson, Judge

**ORDERS VACATED**

COUNSEL

Yuma County Public Defender, Yuma
By Robert Trebilcock
*Counsel for Appellee*

Attorney General's Office, Tucson
By Kathryn A. Damstra
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

---

Presiding Judge Paul J. McMurdie delivered the Court's decision, in which Vice Chief Judge David B. Gass and Judge Angela K. Paton joined.

---

**M c M U R D I E**, Judge:

**¶1**        Alex Meraz appeals from two contradicting orders amending his sentence for prison contraband possession. Because the superior court lacked the authority to enter the orders, we vacate them.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**        Meraz was in the custody of the Department of Corrections on unrelated charges. In November 2016, a grand jury indicted Meraz on one count of promoting prison contraband, possession of a narcotic drug, and possession of drug paraphernalia. The State did not notice sentence enhancement allegations under Arizona Rule of Criminal Procedure 16.1(b).

**¶3**        In exchange for dismissing the other charges, Meraz pled guilty to promoting prison contraband, a Class 2 felony. *See* A.R.S. § 13-2505(G). The parties stipulated that Meraz would serve a five-year sentence. The court held a hearing and found that Meraz knowingly, intelligently, and voluntarily entered into the plea agreement and accepted the plea. In March 2017, the court sentenced Meraz to five years' imprisonment with 83 days of presentence incarceration credit. The plea agreement is silent on whether Meraz's five-year sentence would be concurrent or consecutive to his original incarceration. The parties and court did not address the issue at the change-of-plea hearing or sentencing.

**¶4**        In September 2021, about three months before what would have been the end of a five-year concurrent sentence, the court *sua sponte* amended its sentencing order to reflect that Meraz's five-year sentence ran concurrently with his original sentence. The State did not object to this order. Meraz filed a "Motion for Sentence Clarification" and, apparently unaware that he benefitted from the amended order, appealed the ruling and requested the appointment of counsel. Meraz moved to dismiss the appeal. This court denied the motion because it had no affidavit or written

statement establishing that Meraz fully understood the consequences of dismissal.

**¶5** While the original appeal was pending, the superior court *sua sponte* vacated the amended order and entered a new order signifying that the sentence imposed in March 2017 ran consecutively with the preexisting sentence. Meraz appealed from this order. On Meraz's motion, this court consolidated the appeals.

## DISCUSSION

**¶6** We have an independent duty to ensure we have jurisdiction before addressing the merits of any appeal. *State v. Bejarano*, 219 Ariz. 518, 519, ¶ 2 (App. 2008). We review for jurisdiction *de novo*. *State v. Serrano*, 234 Ariz. 491, 493, ¶ 4 (App. 2014). Here, we lack jurisdiction to review the original sentencing order because "a defendant may not appeal from a judgment or sentence that is entered pursuant to a plea agreement." A.R.S. § 13-4033(B). But we have jurisdiction to review the later orders modifying the original sentence if they affected a substantial right of the party. A.R.S. § 13-4033(A)(3); *Serrano*, 234 Ariz. at 496, ¶ 15 (A defendant may appeal from void orders under A.R.S. § 13-4033(A)(3), and the court of appeals can "review and vacate such orders on appeal.").

**¶7** Arizona Revised Statutes § 13-711(B) requires a sentence "for a felony offense that is committed while the person is under the jurisdiction of the state department of corrections" to "run consecutively to the undischarged term of imprisonment." Although this statute appears to be mandatory in Meraz's case, it was not cited in the plea agreement or otherwise in the record. And the "parties may negotiate and reach agreement on any aspect of a case." Ariz. R. Crim. P. 17.4(a)(1). Whether the court was to impose a concurrent or consecutive sentence was not discussed at the change-of-plea hearing or sentencing.

**¶8** After a sentence is imposed, the superior court has the authority to modify or clarify a sentence under Arizona Rule of Criminal Procedure 24.3 (modify) and Rule 24.4 (clarify). To modify a sentence under Rule 24.3, the court's authority is limited by the rule's time limits. *State v. Bryant,* 219 Ariz. 514, 516, ¶¶ 10–11 (App. 2008) (After the sixty days has elapsed, the trial court is divested of its jurisdiction to modify the sentence.); *see also State v. Guthrie,* 110 Ariz. 257, 258 (1974) ("As we have held in the past the superior court has no jurisdiction to modify its original judgment."). Rule 24.4 does not have a jurisdictional time limit to clarify a sentence.

¶9            To avoid the jurisdictional bar of Rule 24.3, the State argues that the superior court was clarifying its original sentencing order under its authority to correct clerical errors. *See* Ariz. R. Crim. P. 24.4. But the court's omission was not a clerical error. *See State v. Hanson*, 138 Ariz. 296, 304 (App. 1983) ("A clerical mistake involves a failure to record accurately a statement made or action taken by the court or one of the parties.") (quoting 8A Moore's Federal Practice ¶ 36.02 at 36-2). We lack a basis to infer how the court meant to sentence Meraz, either in the parties' plea agreement or any comments made during the change-of-plea hearing or at sentencing. *Contra id.* (court may change offense designation to repetitive under Rule 24.4 because the record "clearly reflects that it was treating the first offenses committed by appellant as priors to enhance the punishment on the subsequent counts, and that it informed appellant it was doing so"). The court's later orders imposing contradictory sentences confirm this.

¶10            The parties attempt by other means to decipher the court's original intentions. Meraz claims the court intended to issue a concurrent sentence because he was awarded presentence incarceration credit while serving time for other charges. *State v. McClure*, 189 Ariz. 55, 57 (App. 1997) (A defendant is not entitled to a "double credit windfall" by receiving presentence incarceration credit for a sentence to be served consecutively to an ongoing sentence.). The State counters that we must assume that the court adhered to A.R.S. § 13-711(B)'s requirement to issue consecutive sentences for felony charges against defendants in the Arizona Department of Corrections. Neither inference is persuasive, and we are left without evidence in the record that reflects an intention to sentence Meraz consecutively or concurrently.

¶11            Without clear guidance from the record, the challenged orders modify the sentence rather than clarify the court's intentions. Thus, these orders are void because the superior court issued them after the 60-day window for modification authorized by Rule 24.3.

¶12            We note that if Meraz believes he has a claim for relief, he may plead and prove that claim under Rule 33.

**CONCLUSION**

¶13        We vacate the orders.



AMY M. WOOD • Clerk of the Court
FILED:     AA