NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

DANIEL WAYNE GIBSON, *Appellant.*

No. 1 CA-CR 21-0448
FILED 6-2-2022

Appeal from the Superior Court in Mohave County
No. S8015CR201800464
The Honorable Richard D. Lambert, Judge

**APPEAL DISMISSED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Gracynthia Claw
*Counsel for Appellee*

Law Firm of Daniel B. Kaiser, Flagstaff
By Daniel B. Kaiser
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Brian Y. Furuya delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge Jennifer M. Perkins joined.

---

**F U R U Y A**, Judge:

¶1 Daniel Wayne Gibson appeals from a restitution order entered pursuant to a guilty plea. We dismiss the appeal for lack of jurisdiction.

## FACTS AND PROCEDURAL HISTORY

¶2 The State charged Gibson with burglary in the third degree, theft, transporting a motor vehicle to a chop shop, and two counts of theft of means of transportation. Gibson accepted the State's offer to plead guilty to an amended charge of attempted theft of means of transportation. The plea agreement stipulated that Gibson be sentenced to two years' imprisonment and that he pay "restitution to the victims on all counts, including any and all dismissed counts, with [a] restitution cap of $242,000.00." Gibson further agreed he would have no "right to appeal from the judgment or sentence imposed as a result of th[e] stipulated guilty plea." In exchange for Gibson's plea, the State agreed to dismiss the other charges.

¶3 The superior court accepted Gibson's plea, sentenced him to two years' imprisonment with 412 days' presentence incarceration credit, dismissed the other charges, and scheduled a restitution hearing. The hearing was continued multiple times, and Gibson moved, after he had been released from prison for more than a year, to deny any restitution order on account of unreasonable delay. The court denied Gibson's motion, held a restitution hearing, and entered an order requiring him to pay $31,013.26 in restitution.

¶4 Gibson appealed, arguing that the court lacked jurisdiction to order restitution after his sentence had expired, that the delay between the imposition of sentence and order of restitution was unreasonable, and that the amount of restitution ordered exceeded the victims' economic loss. The State disputes Gibson's claims.

## DISCUSSION

**¶5** The Arizona Constitution guarantees criminal defendants a right to appeal. Ariz. Const. art. 2, § 24. But for defendants who plead guilty in noncapital cases, the constitutional right to appeal may only be exercised through a proceeding for post-conviction relief. *See State v. Smith*, 184 Ariz. 456, 458 (1996). That limitation is expressed in our statutes and rules. Subsection (B) of Arizona Revised Statutes ("A.R.S.") § 13-4033 states: "In noncapital cases a defendant may not appeal from a judgment or sentence that is entered pursuant to a plea agreement or an admission to a probation violation." Arizona Rule of Criminal Procedure ("Rule") 17.1(e) provides: "A defendant who pleads guilty or no contest in a noncapital case waives the right to file a notice of appeal and to have an appellate court review the proceedings on a direct appeal under Rule 31. A defendant who pleads guilty or no contest may seek relief under Rule 33 by filing a Notice Requesting Post-Conviction Relief and a Petition for Post-Conviction Relief in the trial court." Consistent with those provisions, Gibson received a notice when he was sentenced informing him he had no right to a direct appeal if he had pleaded guilty.

**¶6** Gibson and the State both assert in their briefs that we have jurisdiction over Gibson's appeal under A.R.S. § 13-4033(A)—the statute enumerating what decisions are appealable by a criminal defendant. Neither party addresses the applicability of § 13-4033(B) or Rule 17.1(e). We have an independent duty to assess and confirm our appellate jurisdiction, which "is provided and limited by law" and which may not be conferred by the parties' agreement or error. *State v. Serrano*, 234 Ariz. 491, 493, ¶ 4 (App. 2014).

**¶7** In *Hoffman v. Chandler ex rel. Cnty. of Pima*, 231 Ariz. 362 (2013), our supreme court considered whether a post-judgment restitution order entered after the defendant pleaded guilty was appealable under § 13-4033(A)(3) (appeal of post-judgment order affecting the defendant's substantial rights) or subject to § 13-4033(B)'s limitation on direct appeal. The court held that "when subsection (B) [of § 13-4033] applies, subsection (A) cannot be invoked to authorize a direct appeal." *Id.* at 365, ¶ 16. Reasoning that the legislature intended a post-judgment restitution order contemplated by a plea agreement to be treated as part of the defendant's "sentence" under § 13-4033(B), *id.* at 364, ¶¶ 9–11, the supreme court held that § 13-4033(B) "bars a defendant from directly appealing a contested post-judgment restitution order entered pursuant to a plea agreement that contemplated payment of restitution up to a capped amount. Any appellate

review must be obtained through post-conviction relief proceedings." *Id.* at 362–63, ¶ 1.

**¶8**         We see no meaningful distinction between this case and *Hoffman* that would cast doubt on *Hoffman*'s applicability here. Like the defendant in *Hoffman*, Gibson agreed, in accepting the plea offer, to pay restitution up to a capped amount and to waive the right to a direct appeal. *Id.* at 365, ¶ 17. Also as in *Hoffman*, the restitution in Gibson's case was contested and ordered after the sentencing hearing. *Id.* at 363, ¶ 3. Neither of those facts altered the *Hoffman* court's decision that the restitution order was not appealable.

## CONCLUSION

**¶9**         Because the restitution order in Gibson's case was entered pursuant to a plea agreement that contemplated the payment of restitution up to a capped amount, Gibson's direct appeal of the order is barred by A.R.S. § 13-4033(B) and Rule 17.1(e). We therefore dismiss the appeal for lack of jurisdiction.



AMY M. WOOD • Clerk of the Court
FILED:     AA