NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JOSE T. GODOY, *Appellant.*

No. 1 CA-CR 25-0037

FILED 12-26-2025

Appeal from the Superior Court in Yuma County
No.  S1400CR202000491
The Honorable Darci D. Weede, Judge

**VACATED AND REMANDED**

COUNSEL

Arizona Attorney General's Office, Tucson
By Jacob R. Lines
*Counsel for Appellee*

Yuma County Public Defender's Office, Yuma
By Robert J. Trebilcock
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Veronika Fabian delivered the decision of the Court, in which Judge Anni Hill Foster joined. Presiding Judge James B. Morse Jr. concurred in the result.

---

**F A B I A N**, Judge:

¶1 Jose Tenogenes Godoy appeals his 2025 sentence for misdemeanor threatening or intimidating, which was imposed following multiple appeals. The superior court did not include or sentence Godoy on this misdemeanor count in its original judgment and sentence in 2021. In 2025, the court sentenced Godoy to no jail, no probation, and no fine for the previously omitted count. Godoy argues the superior court did not have jurisdiction to sentence Godoy because it did not timely modify the judgment and sentence under Rule 24.3 of the Rules of Criminal Procedure. This Court agrees and vacates the superior court's 2025 sentence. Because this issue is dispositive, this Court need not address any remaining issues. *See State v. Smith,* 198 Ariz. 568, 571 ¶ 6 (App. 2000).

**FACTUAL AND PROCEDURAL HISTORY**

¶2 In 2021, after a jury found Godoy guilty of armed robbery, third-degree burglary, and threatening or intimidating, the superior court entered judgment and sentenced Godoy only for the counts of armed robbery and burglary. The judgment was silent on the misdemeanor count of threatening or intimidating. Godoy appealed on multiple issues. In answering the appeal, the State requested the matter be remanded to the superior court to sentence Godoy for the misdemeanor count. *State v. Godoy,* No. 1 CA-CR 21-0379, at *5 ¶ 26 (Ariz. Ct. App. Aug. 25, 2022) (mem. decision). Because the superior court failed to sentence the misdemeanor count, this Court stated: "we lack jurisdiction to address any issue surrounding sentencing for [threatening and intimidating] until the superior court does impose a sentence on the conviction." *Id.*

¶3 Following Godoy's first appeal, the superior court ordered the original sentence be amended under Rule 24.4 of the Arizona Rules of Criminal Procedure to include a 180-day sentence for the misdemeanor count. Godoy again appealed, arguing the State failed to timely appeal the superior court's failure to sentence on the misdemeanor count. This Court

found the issue moot because Godoy had already served the time ordered in the amended judgment and sentence. *State v. Godoy*, No. 1 CA-CR 22-0509, at \*1 ¶ 7 (Ariz. Ct. App. Aug. 8, 2023), *vacated*, No. CR-23-0237-PR (Ariz. Feb. 6, 2024). On review, the Arizona Supreme Court vacated that decision and remanded, holding that the superior court's order amending Godoy's sentence was void for the reasons set forth in *Shinn v. Arizona Board of Executive Clemency*, 254 Ariz. 255 (2022). *State v. Godoy*, No. CR-23-0237-PR, at \*1 (Ariz. Feb. 6, 2024) (decision order). *Shinn* stated that an order modifying a sentence under Rule 24.4 was void, as the modification was attempting to remedy a judicial error, not a clerical error as allowed under the Rule. 254 Ariz. at 260-61 ¶¶ 19-23, 264 ¶ 34.

**¶4**        On remand, the superior court issued judgment for the omitted misdemeanor and sentenced Godoy to no jail, no probation, and no fine. Godoy appealed. This Court has jurisdiction pursuant to Article VI, Section 9 of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031, and 13-4033(A)(1).

## DISCUSSION

**¶5**        Godoy argues the superior court lacked jurisdiction to issue its most recent judgment and sentence without a timely modification of the original judgment and sentence under Rule 24.3 or a timely appeal or cross-appeal under Rule 31.2 of the Arizona Rules of Criminal Procedure. The State contends the present sentencing issue is more properly addressed by Rule 26.3, which addresses deadlines for sentencing dates and allows the court to extend time for sentencing for "good cause." Subject matter jurisdiction is a question of law, which this Court reviews *de novo*. *State v. Flores,* 218 Ariz. 407, 411 ¶ 6 (App. 2008).

**¶6**        Superior courts do not have inherent authority to modify a judgment and sentence. *State v. Serrano*, 234 Ariz. 491, 494 ¶ 9 (App. 2014); *State v. Falkner*, 112 Ariz. 372, 374 (1975) ("Does the court have inherent power to modify a sentence? The answer is in the negative. There is no such power in the superior court. . . . Therefore, the trial court's jurisdiction in post-trial motions is limited to that set out in the Rules, and an exercise of that jurisdiction is permissible only upon the grounds specified therein."). Under Rule 26.16, the "judgment of conviction and sentencing on the judgment are complete and valid at the time the court orally pronounces them in open court" and the court "must enter the exact terms of the judgment and sentence in the court's orders." Once the judgment and sentence are complete and valid upon oral pronouncement, the superior

court cannot modify it thereafter except through Rule 24.3." *Serrano*, 234 Ariz. at 494 ¶ 9.

¶7            Here, the superior court entered judgment and sentence in 2021. Its subsequent attempt to modify that judgment and sentence to include the misdemeanor count was not authorized by Rule 24.3(a), which provides:

> No later than 60 days of the entry of judgment and sentence or, if a notice of appeal has already been filed under Rule 31, no later than 15 days after the appellate clerk distributes a notice under Rule 31.9(e) that the record on appeal has been filed, the court may correct any unlawful sentence or one imposed in an unlawful manner.

¶8            "A sentence imposed in an unlawful manner is one imposed without due regard to the procedures required by statute or Rule 26." *State v. Glasscock*, 168 Ariz. 265, 267 (App. 1990). Though the jury determined Godoy was guilty of the misdemeanor count, the superior court failed to enter judgment or sentence him for it. *See* Ariz. R. Crim. P. 26.2(b) ("Upon a determination of guilt on any charge or on any count of any charge, the court must enter judgment and either pronounce sentence or set a date for sentencing under Rule 26.3.") Because the superior court did not comply with Rule 26.2, the 2021 sentence was imposed in an unlawful manner.

¶9            The State argues this issue is more properly addressed by Rule 26, which governs sentencing, because no judgment and sentence were entered on the misdemeanor count. It argues that because Godoy has shown no prejudice, the superior court was not deprived of jurisdiction to enter sentence and judgment on the misdemeanor count four years after the conviction. But Rule 26 does not address a situation where a court enters judgment and sentences a defendant but mistakenly omits one of the counts. In that situation, the judgment must be modified under Rule 24.3. "Under Rule 24.3, the trial court itself must act within sixty days to correct an unlawful sentence, or the sentence will stand." *State v. Bryant*, 219 Ariz. 514, 517 ¶ 11 (App. 2008). Here, the court's judgment and sentence for the misdemeanor count comes nearly four years after the original judgment and sentence.

¶10          All counts that resulted in a guilty verdict should have been included in the written judgment and oral pronouncement of sentence. *See*

Ariz. R. Crim. P. 26.2(b). The State cites no rule or statute that allows for a second separate judgment and sentence to be entered four years after the conviction. That the 2025 judgment and sentence is an attempt to amend the original judgment is evidenced by the court's previous attempt to amend the judgment under Rule 24.4. Because the superior court did not amend the judgment and sentence under Rule 24.3 within the applicable timeframe, it lacked jurisdiction to enter the 2025 judgment and sentence. *See Bryant*, 219 Ariz. at 517 ¶ 11; *Serrano*, 234 Ariz. at 494 ¶ 9; Ariz. R. Crim. P. 24.3(a).

## CONCLUSION

**¶11**        As the superior court did not have jurisdiction to enter judgment and pronounce sentence on the misdemeanor count in 2025, the judgment of conviction and sentence on that count are vacated and the superior court is ordered to produce an updated Rule 37 report.


**M O R S E**, Judge, concurring in the result:

**¶12**        I concur in the result because the majority correctly applies the Arizona Supreme Court's remand instructions.

